1834.

Pattison
v.
Powers.

---

### PATTISON *vs.* POWERS and others.

Where the purchaser of mortgaged premises assumes the payment of the mortgage debt, and gives his own bond as a collateral security therefor, upon which bond a judgment is obtained, the mortgagee cannot file a bill of foreclosure until he has exhausted his remedy against the property of the defendant in the judgment, by the return of an execution unsatisfied.

The provision of the revised statutes, prohibiting the filing of a bill of foreclosure where proceedings at law have been instituted for the recovery of the debt secured by the mortgage, is not limited to a suit at law against the mortgagor only, or upon the securities originally given as collateral to the mortgage.

A bill of foreclosure should contain a distinct averment, in the terms of the statute, that no proceedings have been had at law for the recovery of the debt secured by the mortgage, or any part thereof; or if such proceedings have been instituted, the bill should state what such proceedings were, and against whom instituted; and it should also show that the proceedings at law have been discontinued, or that the remedy at law has been exhausted.

In May, 1802, J. Eaton gave to J. Thurman a bond and mortgage on a lot of land in the town of Chester, to secure the payment of $428,59, with interest at the rate of six per cent.; which bond and mortgage was afterwards, by divers mesne assignments, transferred to G. Gardner. The defendant H. Powers became the owner of the mortgaged premises; and assumed the payment of the amount due on the bond and mortgage. In August, 1831, to secure the payment of the amount then due, and also to secure a further sum due to G. Gardner, H. Powers gave to him a bond for the payment of $2500, and interest, and a warrant of attorney to confess judgment thereon; upon which bond and warrant a judgment was duly entered, in the supreme court, a few days thereafter. In March, 1834, Gardner assigned the bond and mortgage and the judgment against H. Powers, to the com-

August 27.

plainant, who thereupon filed his bill in this cause to foreclose the mortgage. The complainant averred in the bill, that no suit at law had been brought on the bond of Eaton which was given at the time of the execution of the mortgage ; but he stated the fact of the execution of the bond and warrant for the payment of the $2500, and the entry of the judgment thereon. He also stated in his bill, that the judgment was intended to be collateral to the mortgage, to the extent of what was due on the mortgage, but that as to the residue of the $2500, the judgment was his only security ; and that no execution had been issued on the judgment. The bill was taken as confessed against all the defendants, and the master reported that the whole amount of the principal secured by the mortgage remained due and unpaid. He also reported that the judgment of the complainant was the oldest encumbrance upon the mortgaged premises subsequent to the mortgage ; stating the amount then due upon the judgment, for principal and interest, including the amount which was also secured by the mortgage. The cause was heard upon the bill taken as confessed, and the master's report.

*J. King*, for the complainant, asked for the usual decree for a sale, and for the payment of the amount due on the mortgage, with interest and costs, out of the proceeds of the mortgaged premises ; and for a decree over against H. Powers, in case of a deficiency. He also asked for a direction to the master to apply the surplus, if any there should be, towards the balance due on the complainant's judgment.

THE CHANCELLOR, after ascertaining the facts set forth in the bill, refused to make a decree for a foreclosure and sale of the mortgaged premises ; as the complainant had not exhausted his remedy at law upon the judgment against H. Powers, previous to the commencement of this suit. He said the statute was imperative, that where any judgment at law had been obtained for the monies demanded by a bill of foreclosure, or for any part thereof, no proceedings should be had in the foreclosure suit, unless the sheriff should have returned to an execution issued upon such judgment, that the defendant

therein had no property to satisfy the same, except the mortgaged premises. (2 *R. S.* 192, § 156.) That the provisions of the statute were general, and were not limited to proceedings at law and judgments recovered against the original mortgagors, upon the bonds or other collateral securities given by them for the payment of the mortgage monies. That the complainant, in a bill of foreclosure should aver, or state, in the terms of the statute, that no proceedings have been had at law for the recovery of the debt secured by the mortgage, or any part thereof; or if proceedings at law had been instituted, the bill should state what such proceedings were, and against whom instituted. And that it should also show that such proceedings at law had been discontinued, or that the complainant's remedy at law had been exhausted, by the return of the execution unsatisfied, for want of property whereon to levy.