### Eno et al. *vs.* Woodworth.

A. agrees to sell to B. certain lands, and convey the same to him on a day named, within ten months, and B. pays down the purchase money. A. also agrees that at the expiration of a year, if B. shall desire it and give thirty days' notice, he will pay back the money with interest. This agreement being signed by both parties, it seems, is not void for want of mutuality or consideration, although it contains no express engagement on the part of B. to do any thing.

The purchase of the land and the payment by B. of the money, constitute a sufficient consideration to sustain the engagement of A. to convey the land, or to repay the money at the election of B.

In effect this is an alternative agreement, either to sell and purchase land, or to borrow and lend money, as B. may elect at the end of the year, and on giving the notice he may sue *on the agreement* to recover back the money paid by him.

If B. receives a conveyance of the land in pursuance of the agreement before giving notice that he requires the money to be repaid to him, and afterwards gives the notice, he must, before he can sue for the money, reconvey the land, and the agreement it seems implies that he shall do so.

Regarding the agreement as void for want of mutuality, the money paid under it may be recovered back in an action for money had and received.

*Quere.* Whether under the code of procedure it is proper in pleading to say according to the former precedent, that "the defendant is indebted to the plaintiff" in a certain sum for so much money had and received by the defendant to the plaintiff's use.

The more proper course would seem to be to state the facts which show that the defendant has received money belonging to the plaintiff.

WILLIAM ENO and Charles J. Ruggles, who were the assignees of Virgil D. Bonesteel, sued William W. Woodworth in

[250] the supreme court, to recover back the sum of $1500 paid by Bonesteel to the defendant. The facts were these : on the 10th day of August, 1847, an agreement was made between Bonesteel and the defendant as follows :

" It is agreed between William W. Woodworth, of Hyde Park, and V. D. Bonesteel, of Poughkeepsie, Dutchess county, as follows : the said William W. Woodworth agrees to sell to said Bonesteel the one-twentieth part of two thousand acres of land situate in and around the falls of the St. Croix, in Wisconsin Territory, and all the buildings and improvements thereon, for the sum of three thousand five hundred dollars, and to procure for him and convey to him the said interest in said premises, and to give a good title to the same, on or before the first day of June next. *At the expiration of one year from the date, if the said Bonesteel desires, on giving to said Woodworth thirty days' notice, the said Woodworth agrees to pay back to said Bonesteel the said sum of three thousand five hundred dollars, and all advances which the said Bonesteel in the meantime may have made on said purchase, together with the interest thereon from the date of each payment.* Dated August 10th, 1847. (Signed.)

WILLIAM W. WOODWORTH.<br>V. D. BONESTEEL."

On the execution of the agreement Bonesteel paid down $1500 in cash, and for the remainder of the $3500 he gave his note, which the defendant indorsed and had it discounted at a bank for his benefit. Bonesteel never paid the note, and the defendant on or after its maturity took it up and retired it from the bank. It did not appear when the note fell due. On the 8th of March, 1848, Bonesteel assigned all his estate to the plaintiffs in trust for the payment of his debts, and within the time specified in the above agreement, the plaintiff and Bonesteel gave to the defendant notice requiring him to pay back to the plaintiffs as such assignees, all sums of money advanced and paid by Bonesteel on the agreement. The defendant did not pay back the money nor did he ever convey to Bonesteel [251] the premises mentioned in the agreement, or tender a conveyance therefor.

This suit was commenced in November, 1848, tried at the Dutchess county circuit in June, 1849, and the above facts were found by special verdict. The supreme court in the second district rendered judgment in favor of the plaintiff for the sum claimed. The defendant appealed to this court.

*Varick & Eldridge*, for appellant.

*W. Eno*, for respondents.

BRONSON, Ch. J. The defendant agreed to sell, and at a future period to convey, certain lands to Bonesteel, the plaintiff's assignor, for the consideration of three thousand five hundred dollars, which Bonesteel paid at the time, fifteen hundred dollars in money, and the residue by his promissory note; and the defendant further agreed, that at the expiration of one year, if Bonesteel should so desire, and give thirty days' notice, he would pay back to Bonesteel the three thousand five hundred dollars with the interest thereon. The defendant did not convey in pursuance of the contract; and the proper notice was given to have the money refunded which Bonesteel had paid. The defendant did not repay, and the plaintiff thereupon brought this action, claiming to recover the fifteen hundred dollars with interest. As Bonesteel had not paid the note, the plaintiff's claim was limited to the sum which has been mentioned. That sum he has recovered, and the recovery seems to be a very proper one.

But it is said that the contract was void for the want of mutuality, and a sufficient consideration. The agreement was signed by both parties, and was equally obligatory upon both. It is true that Bonesteel did not, in terms, engage to do any thing on his part; but that was because he performed his part of the contract at the time it was made, by paying the stipulated price of the land, which was all he had to do. And although no consideration for the defendant's promise was expressly mentioned in the writing, it is easy to see that [252] there was a consideration; to wit, the purchase of the land, and

the payment of the stipulated price. And this was a good consideration, although Bonesteel had the right to rescind the purchase, and have his money back again, with interest, at the end of a year. In effect, this was an alternative agreement, either to sell and purchase land, or to borrow and lend money, according as Bonesteel should decide at the end of the year. If he gave no notice, it was a sale and purchase of land; and as the price was already paid, there could be no question about a sufficient consideration for the defendant's promise. If Bonesteel gave notice, it was then in effect, a borrowing and lending of the three thousand five hundred dollars; and clearly, the lending of the money was a sufficient consideration for an agreement to repay it at the end of a year with interest.

It is said that the promise to refund the money was void, because the defendant was to convey the land in less than a year, and there was no stipulation on the part of Bonesteel to reconvey in case he should subsequently elect to have his money back again. It is true, that there is no stipulation, in terms, to re-convey in that case, but such an obligation may, I think, be fairly implied from the nature of the transaction. If Bonesteel should give notice at the end of the year, it would be equivalent to saying that he intended to rescind the sale; and he would not be allowed to recover back the money, without re-conveying the land. If he could recover in a court of law, it is clear that equity would compel him to re-convey. But I think he would be obliged to do it, before he could recover at law.

In this view of the case, there is no reason why the plaintiff should not recover in an action on the contract, for not paying back the money in pursuance of the agreement.

But let it be granted that the contract was void, not because it was illegal, but for want of mutuality. Then the defendant has got the money of Bonesteel without giving any thing in return. He is bound in equity and good conscience to repay it; and I see no reason why it may not be recovered in an [253] action for money had and received to the use of Bonesteel. To this the defendant answers, that this is not an action

Eno *v.* Woodworth.

for money had and received to the use of Bonesteel; but an action upon the written agreement, and must stand or fall with it. It is true that the pleader has stated the written agreement, and all the facts necessary to show a right to recover upon it, if it is valid. But it is also true that the same facts establish a right to recover back the money, if the agreement is void. This is an action under the code, and the whole case is set forth in the complaint. Upon the case as it is stated in the complaint, and has been found by the jury, the plaintiff is entitled to recover, whether the written contract is good or bad; and the defendant can not defeat the action by giving it a name, or because the pleadings do not conform to the old precedents. It is questionable whether it would be good pleading under the code to follow the old form, and say, that the defendant was indebted to the plaintiff in a certain sum, for so much money had and received by the defendant, to the plaintiff's use. The more proper course would seem to be that which the plaintiff has adopted, of stating the facts which show that the defendant has received money which belongs to the plaintiff.

The last objection made to the recovery is, that by failing to pay the two thousand dollar note, Bonesteel forfeited all right under the contract; and that the defendant was neither bound to convey, nor to refund the money he had received. It is a sufficient answer to this objection, that it no where appears when the note was payable. It may be that the note was not due until after Bonesteel had given notice for the purpose of rescinding the purchase; and it could not be necessary for Bonesteel to pay money which he had a right to recall the next moment.

I see no error in the judgment, and am of opinion that it should be affirmed.

Judgment affirmed.