CHARLES A. PHILLIPS AND ANOTHER, RESPONDENTS, *v.* GEORGE L. MASON AND OTHERS, APPELLANTS.

*Duty of the trial court when no submission to the jury is requested — agreement to buy back stock sold, at the price paid and one per cent a month added, is not usurious as matter of law.*

When, at the close of the testimony on a jury trial, the defendant moves for a nonsuit, and the plaintiff moves for the direction of a verdict, and neither party requests the submission of any question to the jury, the duty devolves upon the court of deciding every question of fact as well as of law which may exist in the case.

An agreeement in writing by the seller of corporate stock to buy it back at any time, at the option of the buyer, at the price paid therefor and " one per cent a month added," is not, as matter of law, on its face, a contract void for usury in its inception; and in the absence of evidence going to show that the negotiation between the parties was, in the outset, to effect a loan of money, or that the scheme for a sale and resale of stock was suggested as a mode of accomplishing that purpose, it will warrant a direction of a verdict for the plaintiff in an action brought thereon by the buyer of the stock against the seller.

APPEAL by the defendants, George L. Mason and others, from a judgment of the Supreme Court for $635.90, damages and costs, entered in the office of the clerk of Monroe county on the 26th day of March, 1892, on the verdict of a jury, in favor of the plaintiffs, rendered at the Monroe Circuit by direction of the court; and also from an order, entered in said clerk's office on the 9th day of May, 1892, as amended by an order, entered in said clerk's office on the 16th day of May, 1892, denying a motion for a new trial.

*A. Becker,* for the appellants.

*C. C. Werner,* for the respondents.

DWIGHT, P. J.:

The action was to recover money paid by the plaintiffs to the defendants under an agreement in writing, of which the following is a copy:

"ROCHESTER, N. Y., *Feb'y* 27, 1891.

"We hereby agree that Charles A. and Edward A. Phillips will not be called upon for second and third payments on share No. — in the Empire Natural Gas Land Association of Buffalo, N. Y. We also further agree to buy back share No. —, Empire N. G. L. Asso., at any time, at the price paid for the same, and one per cent a month added, provided they wish to sell the same.

"(Signed.)    MASON, WILEY & BUTLER."

The agreement was delivered, with a certificate of stock answering the description therein, by the defendants to the plaintiffs on the day of its date. The stock was paid for by the plaintiffs with the note of a third person, which was afterwards discounted by the plaintiffs themselves; and at the expiration of nine months the plaintiffs tendered to the defendants a return of the stock certificate and demanded "the price paid for the same, and one per cent a month added."

It must be said that this transaction strongly suggests a device to cover usury, so that we are not surprised to find the defense of usury interposed in the action brought by the plaintiffs to enforce the agreement above set forth; but we do not find that defense established by the proofs.

On the trial the plaintiffs put in evidence the agreement; testified

to the payment for and delivery of the stock certificate, and to the subsequent demand by them upon the defendants for the repayment of the price, with the increase of one per cent a month, and the refusal of such demand, and rested. The defendants gave no testimony, but their counsel moved for a nonsuit, and counsel for the plaintiffs moved for the direction of a verdict. There was no request on the part of either to submit any question to the jury. This devolved upon the court the duty of deciding every question of fact, as well as of law, which might exist in the case. (*Dillan* v. *Cockcroft*, 90 N. Y., 649.)

The only question, whether of law or fact, in the case, was whether the agreement on which the action was brought was a contract for the loan and borrowing of money, at an usurious rate of interest. It was, undoubtedly, a contract which, at the option of the plaintiffs, would have the effect of a loan of money, insomuch that the money paid for the stock might be recovered by the plaintiffs, and the payment of the money was a sufficient consideration for the agreement to repay it. (*Eno* v. *Woodworth*, 4 N. Y., 249.) And it may be that it was the understanding of the parties at the time the agreement was made, that this option would be exercised, and that the transaction was, thus, a mere device to cover the exaction and allowance of usury. But there is no evidence to that effect outside of the agreement itself. By the terms of the agreement, to which in the absence of evidence to the contrary full effect must be given, it was a sale of the stock, with the privilege to the plaintiffs to have their money back, with the increase stipulated, at any time when they should desire to resell. It was capable of being construed as in the nature of a guaranty on the part of the defendants, that the stock would appreciate in value at the rate of at least one per cent a month during the time it should be held by the plaintiffs. Under the agreement the plaintiffs obtained full title to the stock, and might dispose of it as they saw fit; so that if the market-price increased beyond the rate mentiond they were at liberty to sell it for the better price.

Certainly it cannot be said, as matter of law, that the agreement was in its inception a contract for the loan of money, nor that the increase agreed to be paid by the defendants, at the option of the plaintiffs, was interest reserved or compensation for the loan.

If evidence had been given by the defendants tending to show that the negotiation between the parties was, in the outset, to effect a loan of money, and that the scheme for a sale and resale of stock was suggested as a mode of accomplishing that purpose, there would, then, no doubt have been a question for the jury or the court whether the scheme was not a device to cover usury. In the absence of any evidence to that effect, and on the face of the agreement itself no case was made for the submission of that question to either tribunal. The direction of a verdict was properly given, and the judgment and order must be affirmed.

MACOMBER and LEWIS, JJ., concurred.

Judgment and order appealed from affirmed.