SAMUEL T. GUILFORD, Respondent, *v.* CYNTHIA CRANDALL, Appellant, Impleaded with CLARA M. JACOBIE.

*Existence of a judgment for the mortgage debt as a bar to an action of foreclosure — section 1630 of the Code of Civil Procedure — judgment by confession.*

The provision of section 1630 of the Code of Civil Procedure — that where final judgment for the plaintiff has been rendered, in an action to recover any part of a mortgage debt, an action shall not be commenced or maintained to foreclose the mortgage, unless an execution has been returned wholly or partly unsatisfied — applies to a judgment by confession.

While a judgment which, under said section 1630, will prevent an action to foreclose a mortgage, must have been obtained on account of the mortgage debt or some part thereof, it need not be recovered on the bond and mortgage or against the mortgagor.

On the trial of an action brought to foreclose a mortgage executed by a married woman, it appeared from the evidence, and was found, that the mortgage was given to secure a balance due to the plaintiff (the mortgagee) on the purchase price of goods sold by him to a firm of which the husband of the defendant (the mortgagor) was a member; that to secure this balance the plaintiff had originally received a confession of judgment, executed by the firm, and a mortgage executed by the defendant and her husband upon premises then owned by the husband; that the original mortgage had been foreclosed and the premises bid off in the name of the present defendant, who thereupon executed the mortgage in suit on the same premises, for the same amount as the original mortgage, in pursuance of an agreement between her and the plaintiff, to the effect that the foreclosure and sale under the original mortgage should not extinguish the claim of the plaintiff against the firm which had given the confession of judgment, but that the defendant's mortgage should be in effect in exchange for the original mortgage, leaving the original indebtedness unpaid. It further appeared that an execution had been issued on the confession of judgment, but had not been returned when the action was begun.

*Held,* that the fact that the plaintiff had not exhausted his legal remedy on the confession of judgment prevented his maintaining the action.

APPEAL by the defendant, Cynthia Crandall, from a judgment of the Supreme Court adjudging the foreclosure of a mortgage and directing a sale of the mortgaged premises, rendered at the Montgomery Special Term and entered in the office of the clerk of Warren county on the 6th day of August, 1892, with notice of an intention to bring up for review upon such appeal an order appointing a referee to compute the amount due, and denying a motion to dismiss the complaint, entered in said clerk's office April 30, 1892, and an order denying an allowance of costs to the defendant Crandall, made July 25, 1892.

*H. Prior King,* for the appellant.

*J. H. Bain,* for the respondent.

PUTNAM, J.:

The firm of Crandall & Boynton, composed of William H. Crandall (husband of defendant) and Loren D. Boynton, on March 8, 1888, bought of plaintiff his stock of goods for $2,764.67, paying in cash $500 and securing the balance of the purchase price by the note of the firm for $764.67 and a mortgage of said Crandall and his wife (the defendant) on real estate owned by him.

On the 14th day of February, 1889, to further secure the same debt for the purchase price of said goods, Crandall & Boynton

executed to plaintiff a chattel mortgage covering their entire stock, and also an assignment of all their accounts and choses in action. On the 6th of March, 1889, under said mortgage, plaintiff took possession of said stock of goods, and on the twenty-ninth of March sold the same, and on such sale bid them in himself for $1,140. The amount realized by plaintiff from said chattel mortgage and accounts does not clearly appear.

On the 10th day of April, 1889, Crandall & Boynton executed a confession of judgment to the plaintiff for $1,400 containing the following statement : " This confession of judgment is for a debt or liability justly due to the said plaintiff, arising from the following facts : On the 8th day of March, 1888, the defendants purchased from the plaintiff, goods, wares and merchandise, for and to a large amount, and upon which said purchase there is now due, owing and unpaid, the sum of $1,400, and said sum is now justly due and owing from the defendants to the plaintiff therefor."

The referee found that this statement, executed after plaintiff had collected his chattel mortgage and accounts, sworn to by each of the members of the firm of Crandall & Boynton, should be deemed to represent the true indebtedness of said firm to plaintiff at that time, the balance due plaintiff for the purchase price of said stock of goods. He states in his opinion : " From this it would clearly appear that these parties understood and had agreed that after all the money and property which plaintiff had received had been applied, there still remained an indebtedness from Crandall & Boynton to plaintiff on account of said purchase — the said sum for which said judgment was given. Plaintiff had at that time realized on the goods sold under the mortgage, and had realized on all property received, so far as appears, excepting the Monty judgment which was paid in some months or more afterwards.

" It is quite evident from the testimony in the case, and the facts and circumstances proved, that this debt, acknowledged by Crandall & Boynton in the confession of judgment, was all the firm owed plaintiff at that date, and that this judgment is as binding and conclusive on the plaintiff as it is upon the defendant therein, is a proposition so plain as to need no argument."

The referee, therefore, determined that the balance due plaintiff for the purchase price of said goods was said sum of $1,400, less the

amount of the Monty judgment, which was collected after said judgment was made.

I think the evidence sufficient to sustain the finding of the referee in this regard, on the question of fact submitted to him, and that such finding could not properly be reversed on the facts.

At this time, therefore, there was due plaintiff $1,400, secured by a judgment by confession, and also by the mortgage executed by Crandall and wife on Crandall's real estate. This mortgage plaintiff foreclosed, obtaining judgment May 18, 1889, the amount reported due thereon being $1,607.50. The property was sold on July 9, 1889, and bid in by plaintiff's attorney, in the name of defendant, for $1,450. The defendant thereupon executed the mortgage set out in the complaint for the amount of the prior mortgage and interest. The findings of fact of the referee as to this transaction are as follows:

"48th. That the indebtedness of Crandall & Boynton, mentioned in said confession of judgment, and for which judgment was entered on said confession, was, and is a part of the same indebtedness secured by the bond and mortgage dated March 8, 1888."

"50th. That the consideration of the bond and mortgage mentioned in the complaint in this action, was the indebtedness which Crandall & Boynton owed the plaintiff, and for which the bond and mortgage dated March 8, 1888, was given to secure, or a part thereof."

"53rd. That said mortgage was foreclosed pursuant to an agreement between the plaintiff and the defendant, that the attorney for the plaintiff would bid in the property for the defendant, Cynthia Crandall, and she was to give plaintiff a mortgage on the same property to secure the same, or a part of the same, indebtedness represented by the mortgage of March 8, 1888."

These findings of fact are not excepted to by plaintiff, and must be deemed to establish the facts as therein stated and set out. I think, also, that the determination of the referee is amply sustained by the evidence. The mortgage in suit being given for the amount of the old mortgage, instead of for the sum at which the property was bid off, shows the intent of the parties that the indebtedness secured by the confession of judgment and prior mortgage should not be extinguished, but remain and be secured by the mort-

gage now sought to be foreclosed. The referee determined that the amount due plaintiff on said mortgage was the amount of said judgment less the sums collected since its confession. It was conceded that an execution on said judgment had been duly issued and was not returned when the action was commenced.

Appellant claims a reversal, because of the judgment entered in favor of the plaintiff on the confession of Crandall & Boynton, for the same debt secured by the mortgage in suit, and on which an execution has been issued and not returned.

By section 1630 of the Civil Code it is provided that, " Where final judgment for the plaintiff has been rendered in an action to recover any part of a mortgage debt, an action shall not be commenced or maintained to foreclose the mortgage unless an execution * * * has been returned wholly or partly unsatisfied." It will be seen by the language above quoted that such judgment must be obtained on account of the mortgage debt or some part thereof, but need not be recovered on the bond or mortgage, or against the mortgagor. (*Pattison* v. *Powers*, 4 Paige, 549, 550, 551. And see *Scofield* v. *Doscher*, 72 N. Y. 494.)

In this case it appears by the findings of the referee that the debt which the mortgage in suit was given to secure was the balance due plaintiff for the purchase price of the goods sold to Crandall & Boynton over the amount he had received from the chattel mortgage and accounts. To secure this, he had a judgment by confession and the mortgage of March 8, 1888. This latter was foreclosed and the property bid off in the name of defendant for $1,450. She did not pay this sum, but executed the mortgage in suit for the amount of the foreclosed mortgage. The foreclosure of the first mortgage and the sale to defendant might have operated to extinguish the claim which plaintiff held against Crandall & Boynton and the said judgment. But it was competent for plaintiff and defendant to make an agreement that such foreclosure and sale should not have that effect, as they did. The agreement in fact made was, that the mortgage which plaintiff held, made by Crandall and wife, should be changed for one of the same amount made by defendant. It was an exchange of securities, leaving the original indebtedness unpaid. All the parties interested consenting, such an agreement is valid.

It is suggested by respondent that section 1630 (*supra*) does not apply to a judgment by confession; that only a final judgment *in an action* is referred to, and that under section 1273, Civil Code, a judgment entered on a confession is one recovered without action. The language of the former statute was as follows: "If it appear that any judgment has been obtained in a suit at law for the moneys demanded by such bill or any part thereof, no proceeding shall be had in such case unless to an execution against the property of the defendant * * * the sheriff shall have returned that the said execution is unsatisfied," etc. (2 R. S. § 156, p. 192.)

This provision of the Revised Statutes which, it will be seen, is similar to section 1630 (*supra*), was held to prevent a foreclosure of a mortgage where a judgment by confession had been obtained for a part of the mortgage debt. (*Pattison* v. *Powers*, 4 Paige, 549; *Lovett* v. *The German Reformed Church*, 12 Barb. 67.)

There seems to be no reason why the provisions of the Civil Code that a foreclosure action should not be maintained when a final judgment for the plaintiff has been rendered in an action to recover the mortgage debt or any part thereof, should not apply to a judgment obtained by confession as well as by action. The object of the statute is to compel the plaintiff to exhaust his legal remedies before coming into equity, and hence section 1630 (*supra*) should apply as well to a judgment by confession as if rendered in an action. Section 1276 of the Civil Code provides that a judgment by confession, "may be docketed and enforced against property in the same manner and with the same effect as a judgment in an action rendered in the same court; and each provision of law relating to a judgment in an action, and the proceedings subsequent thereto, apply to a judgment thus taken." I think under this section the provisions of section 1630 (*supra*) may be deemed to apply to the judgment by confession entered in favor of plaintiff and against Crandall & Boynton for the debt secured by the mortgage in suit, and hence plaintiff, having failed to exhaust his legal remedy on the judgment, cannot maintain this action.

The judgment must be reversed, a new trial granted, costs to abide the event.

HERRICK, J., concurred.

Judgment reversed and new trial ordered, costs to abide event.