(21 Misc. Rep. 556.)

### BOTTOM v. CHAMBERLAIN et al.

(Supreme Court, Special Term, Cattaraugus County. November 10, 1897.)

MORTGAGES—COMPLAINT—DEMURRER.

In an action of foreclosure, the objection that the complaint fails to follow the exact words of the statute (Code Civ. Proc. § 1629) in alleging whether any other action has been brought to recover any part of the debt, etc., cannot be taken by demurrer, it not being one of the grounds for demurrer specified in section 488.

Action by Mary Bottom against Chandler A. Chamberlain and others. Heard on defendants' demurrer to the complaint. Overruled.

Ansley & Spencer, for plaintiff.

E. D. Northrup, for defendants.

WOODWARD, J. The defendants in this action, brought to foreclose a certain mortgage, demur to the complaint of the plaintiff "upon the following grounds, and objections thereto that appear upon the face thereof: That the said complaint does not state facts sufficient to constitute a cause of action." The defendants base their contention upon the fact that the plaintiff has omitted to state in the complaint, as required by Code, § 1629, "whether any other action has been brought to recover any part of the mortgage debt, and, if so, whether any part thereof has been collected." The plaintiff, in her complaint, sets forth that "the plaintiff further shows that no proceedings have been had at law or otherwise, to the knowledge and belief of the said plaintiff, for the recovery of the said sum secured by the said bond and mortgage, or any part thereof." Whether the plaintiff is bound to make a "distinct averment in the terms of the statute" in stating her cause of action, as required by the old chancery practice (Pattison v. Powers, 4 Paige, 549), it is not necessary here to decide. The Code of Civil Procedure fixes the conditions under which the defendant may demur, and this case does not come within the provisions of section 488 of the Code, which provides as follows:

"The defendant may demur to the complaint, where one or more of the following objections thereto appear upon the face thereof: That the court has not jurisdiction of the person of the defendant; that the court has not jurisdiction of the subject of the action; that the plaintiff has not legal capacity to sue; that there is another action pending between the same parties, for the same cause; that there is a misjoinder of parties plaintiff; that there is a defect of parties, plaintiff or defendant; that causes of action have been improperly united; that the complaint does not state facts sufficient to constitute a cause of action."

It does not appear upon the face of the complaint in this action "that there is another action pending between the same parties, for the same cause." On the contrary, the plaintiff alleges that "no proceedings have been had at law or otherwise, to the knowledge and belief of said plaintiff, for the recovery of the said sum secured by said bond and mortgage, or any part thereof"; and the mere fact that this allegation does not follow the exact language of the Code is of no consequence in so far as the demurrer is concerned. "Special demurrers, as known to the former practice," says Judge Andrews in delivering the opinion of the court in the case of Marie v. Garrison, 83 N. Y. 14, "have no place in our present system of pleading. The Code authorizes a demurrer for specific causes, and no pleading is demurrable unless it is subject to one or more of the objections specified in the section defining the grounds of demurrer. See section 488, Code Civ. Proc. A demurrer to a complaint for insufficiency can only be sustained when it appears that, admitting all the facts alleged, it presents no cause of action whatever. It is not sufficient that the facts are imperfectly or informally averred, or that the pleading lacks definiteness and precision, or that the material facts are only argumentatively averred. The complaint on demurrer is deemed to allege what can be implied from the allegations therein, by reasonable and fair intendment, and facts impliedly averred are traversable in the same manner as though directly averred. 1 Chit. Pl. 713; Haight v. Holley, 3 Wend. 259; Prindle v. Caruthers, 15 N. Y. 425. The remedy for indefiniteness is not by demurrer, but by motion." "It must be assumed at the outset," says Chief Judge Ruger in the case of Milliken v. Telegraph Co., 110 N. Y. 403, 18 N. E. 251, in delivering the opinion of the court, "that the facts stated therein, as well as such as may be, by reasonable and fair intendment, implied from the allegations made, are true. It is not sufficient, to sustain a demurrer, to show that the facts are imperfectly or informally averred, or that the pleading lacks definiteness or precision, or that the material facts are argumentatively stated. Lorillard v. Clyde, 86 N. Y. 384; Marie v. Garrison, 83 N. Y. 14. The present system of pleading does not require that the conclusions of law should be set forth in the pleading, provided the court can see, from any point of view, from the facts stated, that a legal obligation rested upon the defendant. Eno v. Woodworth, 4 N. Y. 249."

The authorities are all in accord upon this question. A demurrer cannot be interposed except in the cases specified in the Code of Civil Procedure, and, the complaint in this action not coming under any of the specified objections, the demurrer is overruled, with costs.