(51 App. Div. 100.)

### NATIONAL CASH-REGISTER CO. v. BESCH.

(Supreme Court, Appellate Division, Third Department.   May 2, 1900.)

SALES—FRAUDULENT REPRESENTATIONS—COMPLAINT—DEMURRER—SUFFICIENCY
      Plaintiff alleged a sale and delivery to defendant of a certain kind of
      cash register on an order from plaintiff, and defendant answered that
      at the time of purchase he had never seen the machine, and relied on
      representation of plaintiff's agent, which was fraudulent, as he discovered
      from using a cash register like the one he had purchased, and that defend-
      ant, on discovering the fraud, rescinded the contract, and that there had
      been no delivery. Held, that the answer was not demurrable, in that it
      showed no delivery, and consequently defendant had had no opportunity
      to ascertain the character of the machine that was to be delivered to him,
      as the allegation as to nondelivery might mean that defendant had refused
      to accept a delivery, and such allegation would not prevent him proving, if

he could, that the one tendered was like the one loaned, and could not. answer the representations.

Appeal from special term.

Action by the National Cash-Register Company against Joseph. Besch. From a judgment sustaining a demurrer to the answer, defendant appeals. Reversed.

Argued before PARKER, P. J.. and HERRICK, MERWIN,. SMITH, and KELLOGG, JJ.

Newton B. Van Derzee, for appellant.
Eugene D. Flanigan, for respondent.

MERWIN, J. According to the allegations of the complaint, the defendant, on the 26th April, 1899, at Albany, N. Y., gave to the plaintiff, a foreign corporation, engaged at Dayton, Ohio, in the business of manufacturing and vending machines known as the "National Cash Register," and having an office at Albany, N. Y., a written order to ship to him at his place of business in Albany, as soon as possible, "one of your No. 8 Detail Adding Registers," for which he agreed to pay, in the manner set forth in the order, the sum of $125. It is alleged in the complaint that the plaintiff delivered to defendant the machine called for by the order, but that the defendant has not paid for the same, and that the whole of the price is due according to the terms of the order. In the answer,. after some admissions and a general denial of all the allegations in. the complaint not admitted, it is alleged, in the defense demurred to, that at the time the defendant agreed to purchase the machine the agent of the plaintiff made certain representations as to the character of the machine, and as to what it would accomplish. These representations are set out, and were clearly material. It is alleged that they were the basis of the agreement, were relied on by the defendant, and believed by him to be true; that at the time of making the purchase the defendant had not seen the machine, and knew nothing about its qualities and construction, and relied wholly on the representations in making the purchase; that thereafter the defendant, for his use while the register which he agreed to purchase could be delivered, received the loan of a cash register from plaintiff like the one which he had agreed to purchase; that while using the same defendant discovered that the representations so made by plaintiff were false to plaintiff's knowledge, and were made with intent to deceive the defendant; that upon such discovery the defendant rescinded the contract, and notified the plaintiff thereof on or about May 11, 1899, and returned the loaned machine; that the plaintiff persisted to compel the defendant to accept the register, and the defendant, on the 22d of May, 1899, notified the plaintiff that he had countermanded the order; that the machine has never been in fact delivered by the plaintiff to the defendant.

The main criticism upon the answer seems to be that the defendant, having alleged that the machine contracted for has never been in fact delivered by plaintiff to defendant, is not in a position to know or to say that the machine ordered, and which plaintiff claims.

to have delivered, will not or does not satisfy the representations made at the time of the contract of purchase. The allegation in the answer of nondelivery is not, strictly speaking, new matter. It is evident from the allegations in the answer that the plaintiff attempted to deliver a machine. If so, the defendant would have had an opportunity to examine it. The allegation that no actual delivery was made may be construed as meaning that a delivery was not accepted by defendant. It will be observed that the order of the defendant was not for a machine generally, or for one to be manufactured for a particular purpose, but was specifically "for one of your No. 8 Detail Adding Registers." Pending its delivery, one like it was loaned by plaintiff to the defendant for his use in the meantime. The order was for one of a specified class or description. Any one of that class would answer the order. Presumptively, each one of that class was like the others. If one of that class was loaned to the defendant, he would naturally have the means of determining the character of the one that was to be delivered to him upon his order. If so, the fact that the machine that the defendant ordered was never in fact delivered to him would not stand in the way of his proving the alleged fraud. The fact that the defendant did not try the machine that the plaintiff offered to deliver may affect the manner of defendant's proof, but will not preclude him proving, if he can, that the one tendered was like the one he used, and could not answer the representations made. In determining the sufficiency of the pleading it must be assumed that the facts stated therein, as well as such as may by reasonable and fair intendment be implied from the allegations made, are true. Milliken v. Telegraph Co., 110 N. Y. 403, 18 N. E. 251, 1 L. R. A. 281. Within this rule, the answer demurred to is, I think, sufficient to enable the defendant to prove, if he can, all the elements necessary to be proved in order to show such fraudulent representations as would allow the defendant to rescind the contract. The demurrer, therefore, should not have been sustained.

Interlocutory judgment reversed, with costs, and demurrer overruled, with costs. All concur.