AMADEO, PLAINTIFF AND APPELLANT, *v.* ROBLEDO, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan in an Action of Debt.

No. 2392.—Decided June 21, 1921.

PLEADING—COMPLAINT—DEMURRER.—A demurrer to a complaint for insufficiency can only be sustained where it appears that, admitting all the facts alleged, it presents no cause of action whatever, it not being sufficient that the facts are imperfectly or improperly averred or that the pleading lacks definiteness and precision.

The facts are stated in the opinion.

*Mr. V. M. Fernández* for the appellant.

*Messrs. Francis & De la Haba* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The complaint in this case was filed on May 26, 1920, in the District Court of San Juan, Section 1, and reads as follows:

"Now comes the plaintiff in his own behalf and respectfully represents to the court: 1. That in the year 1916 the defendant wrote the following letter to the plaintiff: 'Cataño, February 21, 1916.—Mr. Antonio Amadeo, San Juan.—Dear friend:—In accordance with our conversation I agree to contribute the sum of eight hundred dollars for promoting the construction of the road from Guaynabo to La Muda. I will pay this amount fifteen days after the work on the said road is begun if it is done by a contractor and if there should be no doubt that the work will not be suspended after it is begun. If the work is done by the Government I will pay the amount when the work is half done and if it is clear that the work will not be suspended. This amount does not include the sum of $50 which you

must contribute as a real estate owner of that town. This being all, I remain, Yours very truly, (signed) Francisco Robledo.'—2. That the plaintiff did what was required of him and for more than two months a contractor has been constructing the said road.—3. That the defendant has refused and still refuses to pay to the plaintiff the sum agreed to be paid.—Wherefore he prays the court for judgment in due course against the defendant for the sum of eight hundred dollars, with the costs, expenses and attorney fees.''

The defendant demurred to the complaint on the following grounds: 1. That it does not state facts sufficient to constitute a cause of action. 2. That it is ambiguous, unintelligible and uncertain because it does not state what acts of promotion are referred to therein and because it does not set forth facts sufficient to show positively the character or nature of the contract declared on.

The demurrer was heard ·and sustained by the court and the plaintiff was allowed ten days within which to amend his complaint. The plaintiff did not do so, but moved the court for judgment, which was entered on October 19, 1920, dismissing the complaint with the costs against the plaintiff.

The plaintiff appealed from that judgment and alleges in support of its reversal that the complaint contains a statement in concise and common terms of the facts on which the action is based as required by section 102 of the Code of Civil Procedure, and sets up the existence of a contract with all the elements necessary to constitute a contract according to section 1228 of the Civil Code.

Construing the allegations of the complaint liberally, as prescribed by section 122 of the Code of Civil Procedure, and taking them as true for the purposes of this appeal, they show that in a letter addressed to the plaintiff the defendant agreed to contribute the sum of $800 for promoting the construction of the road from Guaynabo to La Muda and bound himself to pay the said sum fifteen days after the work

was begun if it was done by a contractor, the plaintiff having done what was required of him and more than two months having elapsed since the work was begun by a contractor.

These facts establish the existence of a contract between the plaintiff and the defendant with all the elements required by section 1228 of the Civil Code, namely: Consent of the contracting parties; definite subject-matter, and a consideration, it being presumed that, although it may not be expressed in the contract, a consideration exists and is licit, unless the contrary is proved, according to section 1244 of the Civil Code. The defendant bound himself to contribute the sum of $800 for promoting the construction of the road from Guaynabo to La Muda and there was an agreement between him and the plaintiff to that effect. The plaintiff did the promotion work required of him. Plaintiff and defendant had a conference and the result of it was that the defendant wrote to the plaintiff the letter copied into the complaint, thereby binding himself to the plaintiff and not to some other person.

It is not important that the complaint does not recite the conversation which originated the obligation, or explain the promotion work entrusted to the plaintiff, for a demurrer to a complaint for insufficiency can be sustained only when it appears that if all the facts alleged are admitted they show no cause of action, it not being sufficient that the facts are imperfectly or improperly stated, or that the pleading lacks definiteness and precision. *Milliken* v. *Western Union Tel. Co.,* 110 N. Y. 403, 18 N. E. 251, 1 L. R. A. 281; 31 Cyc. 290.

In view of the foregoing we arrive at the conclusion that the complaint sets up a cause of action.

And the complaint can not be classified as ambiguous, unintelligible or uncertain. In specifying the grounds on which he demurred to the complaint on this point the defendant states them as that it did not describe the promotion work

to which it referred or allege facts sufficient to show positively the nature of the contract declared on.   These reasons do not support the allegation that the complaint is ambiguous, unintelligible or uncertain, but rather that it does not allege facts 'sufficient to constitute a cause of action, and we have already considered that question on the merits of the allegations and decided it in the affirmative.

The judgment appealed from must be reversed and the case remanded to the court below for proceedings not inconsistent herewith.

*Reversed and remanded.*

Justices Wolf, Del Toro and Aldrey concurred.
Mr. Justice Hutchison concurred in the judgment.