AMADEO, DEMANDANTE Y APELANTE, *v.* ROBLEDO, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre cobro de cantidad.

No. 2392.—Resuelto en junio 21, 1921.

ALEGACIONES—CAUSA DE ACCIÓN—DEMANDA SUFICIENTE.—Una excepción previa a una demanda por insuficiente sólo puede ser sostenida cuando aparece que admitiendo todos los hechos alegados no presenta alguna causa de acción, no siendo suficiente que los hechos estén inperfecta o indebidamente alegados o que la alegación carezca de fijeza y precisión.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. V. M. Fernández.*

Abogados del apelado: *Sres. Francis & de la Haba.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

La demanda en el presente caso fué presentada con fecha 26 de mayo de 1920 en la Corte de Distrito de San Juan, Sección Primera, y su texto literal es el siguiente:

"Comparece el demandante por su propio derecho y ante esta honorable corte respetuosamente expone:

"1. Que en el año de 1916, el demandado escribió al demandante una carta que copiada dice: Cataño 21 de febrero de 1916. Sr. don Antonio Amadeo, San Juan.—Estimado amigo:—De acuerdo con nuestra conversación, soy de conformidad en contribuir con la suma

de $800 ochocientos dollars para que se gestionen los trabajos de la
carretera de Guaynabo a la Muda.   Esta cantidad la haré efectiva
a los quince días que se está trabajando en dicha carretera si los
trabajos son por cuenta de un contratista y que no haya la menor
duda ni recelo de que suspenderán una vez empezados.   Y si es por
administración, cuando dichos trabajos estén por la mitad y que se
vean claramente que no serán suspendidos.   En esta cantidad, no
está incluída la suma de $50 con que tiene Ud. que contribuir como
terrateniente de ese pueblo.   Sin otro particular, quedo de Ud. atto.
amigo y S. S. (F.)  Francisco Robledo.

''2. Que el demandante practicó las gestiones que se le encomen-
daron y hace ya más de dos meses se está trabajando en la citada
carretera, efectuándose las obras por cuenta de un contratista.

''3. Que el demandado se ha negado y se niega actualmente a
pagar al demandante la cantidad convenida.   Por lo que solicita de
esta honorable corte se sirva en su día dictar una sentencia conde-
nando al demandado a pagar al demandante la suma de ochocientos
dollars, más las costas, gastos y honorarios de abogado.''

A la anterior demanda opuso el demandado las excepcio-
nes previas siguientes: 1. Que aquélla no aduce hechos sufi-
cientes para determinar una causa de acción.   2. Que es am-
bigua, ininteligible y dudosa por no exponer las gestiones a
que la misma se refiere y por no expresar hechos suficientes
para entender de modo cierto el carácter o naturaleza del
convenio que se alega.

Vistas y consideradas las excepciones fueron declaradas
con lugar por orden de la corte y se concedieron diez días
al demandante para enmendar su demanda.   El demandante
no lo hizo así y pidió a la corte dictara sentencia, la que fué
pronunciada en 19 de octubre de 1920 declarando sin lugar
la demanda con costas al demandante.

Esa sentencia ha sido apelada por el demandante quien
alega en síntesis para obtener su revocación que la demanda
contiene una exposición en lenguaje usual y conciso de los
hechos que originan la acción según exige el artículo 102 del
Código de Enjuiciamiento Civil y en ella se expresa la exis-

tencia de un contrato con todos los elementos necesarios para integrarlo, según el artículo 1228 del Código Civil.

Examinadas con liberalidad según prescribe el artículo 122 del Código de Enjuiciamiento Civil, las alegaciones de la demanda que de propósito dejamos transcritas y deben aceptarse como ciertas para la consideración y decisión del recurso, muestran que el demandado en carta dirigida al demandante manifestó a éste su consentimiento en contribuir con la suma de $800 para que se gestionaran los trabajos de la carretera de Guaynabo a la Muda y se obligó a satisfacer dicha cantidad a los quince días de estarse trabajando en la carretera si los trabajos eran por cuenta de un contratista, habiendo practicado el demandante las gestiones que se le encomendaron y transcurrido más de dos meses desde que comenzaron los trabajos por cuenta de un contratista.

Esos hechos determinan la existencia de un convenio entre demandante y demandado con todos los elementos que para integrarlo exige el artículo 1228 del Código Civil, a saber: consentimiento de los contratantes, objeto cierto o materia del contrato y causa de la obligación, la cual aunque no se exprese en el contrato se presume siempre que existe y que es lícita mientras no se pruebe lo contrario según el artículo 1244 del código citado. El demandado se obligó con el demandante a contribuir con la suma de $800 para que se gestionaran los trabajos de la carretera de Guaynabo a la Muda y con él se entendió a ese fin. El demandante practicó las gestiones que se le encomendaron. Demandante y demandado tuvieron una conferencia y a consecuencia de ella fué que el demandado dirigió al demandante la carta inserta en la demanda, obligándose por tanto con éste y no con otra persona.

No importa que la demanda no contenga la conversación en que se originó la obligación ni explique las gestiones encomendadas al demandante, pues una excepción previa a una

demanda por insuficiente sólo puede ser sostenida cuando aparece que admitiendo todos los hechos alegados no presenta alguna causa de acción, no siendo suficiente que los hechos estén imperfecta o indebidamente alegados o que la alegación carezca de fijeza y precisión. *Milliken* v. *Union Telephone Company,* 110 N. Y. 403, 18 N. E. 251, 1 L. R .A. 281. 31 Cyc. 290.

Ante las razones expuestas llegamos a la conclusión de que la demanda entraña una causa de acción.

Y la demanda no puede calificarse de ambigua y de ininteligible o dudosa. El demandado al especificar los motivos en que bajo tal concepto funda su impugnación a la demanda los hace consistir en que no expone las gestiones a que la misma se refiere, ni expresa hechos suficientes para entender de modo cierto el carácter o naturaleza del convenio que se alega. Esas razones no sostienen que la demanda sea ambigua, ininteligible o dudosa sino que no aduce hechos suficientes para determinar una causa de acción; y ya por el mérito de sus alegaciones hemos considerado y decidido esa cuestión en sentido afirmativo.

Es de revocarse la sentencia apelada y devolverse el caso a la corte inferior para procedimientos no inconsistentes con la presente opinión.

> *Revocada la sentencia apelada y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. Hutchison firmó conforme con la sentencia y con la opinión, excepción hecha de su párrafo penúltimo.