## WILLIAM H. TATTERSALL *v.* RICHARD HASS.

The refusal of a justice to allow an amendment of a pleading, if in any case a ground of appeal, can only be so when no injustice would result from granting the application. Where a motion was made upon the trial to amend an answer, so as to add a new defence; *held*, that it was properly refused by the justice.

Objection to questions as leading should specify the ground of the objection, so that the form of the question may be altered accordingly—otherwise the objection will not be considered upon appeal.

A judgment of nonsuit is no bar to another action for the same cause, where the nonsuit was granted because the plaintiff's evidence failed to make out a case.(a)

APPEAL by defendant from a judgment of the Fourth District Court. This action was for rent. The answer contained a denial of the allegations in the complaint and a plea of prior adjudication. Upon the day to which the trial was adjourned, after joining issue, the defendant moved to amend his answer, by inserting an allegation that the leased premises became untenantable by the negligence of the landlord. The motion was denied and the defendant excepted. Upon the trial several questions were asked, to which a merely general objection was interposed, the admission of which the appellant contended was erroneous,

(a) See *Seaman* v. *Ward, ante,* p. 52.

Tattersall v. Hass.

upon the ground that they were leading. The plaintiff read in evidence, subject to objection, a written agreement of hiring between the parties for the previous year, and called a witness who testified to a verbal agreement for the present year upon the same terms. The defendant, to sustain his plea of prior adjudication, showed that a suit was brought against him by the assignor of the present plaintiff for the same cause of action, in the Fifth District Court, in which judgment of nonsuit was rendered upon the close of the plaintiff's case. The defendant also offered to show that the leased premises became untenantable through the negligence of the landlord. The evidence was objected to and excluded. Judgment was rendered for the plaintiff.

*J. Aitken,* for the appellant.

*John Anderson, Jr.,* for the respondent.

INGRAHAM, FIRST JUDGE.—The court below properly refused to allow the amendment of the answer. The plaintiff had brought his case on for trial, and the defendant then asked to amend the answer, by setting up a defence of which no notice had been given and which the plaintiff could not be expected to be prepared for with evidence. If the refusal of the justice to allow an amendment of pleadings is in any case ground of appeal, it can only be so when no injustice would result from granting the application. The defence proposed to be added by amendment was not one of which the tenant could take advantage, because no agreement to repair appears in the agreement of hiring. If the amendment was properly denied, the evidence offered to sustain the defence sought to be introduced thereby was properly excluded.

It would be idle to say that the court ought to have admitted evidence to prove a defence which it had refused the defendant leave to insert in his answer.

It was a question of fact for the court to decide for how long

a time the premises were hired. The evidence was contradictory and his decision was final.

No objection was made to any question put to Foster, on the ground that the question was leading. We have held it to be necessary that the ground of objection in such a case should be stated so that the question may be correctly put to the witness. In other respects the questions were not objectionable.

The written agreement was properly admitted in evidence, to show the terms of the subsequent hiring. That was on the same terms as for the previous year, and a reference to the agreement for the prior year was necessary, to ascertain the terms.

The suit previously brought in the Fifth District Court was no bar to another suit, because in that suit a judgment of non-suit was granted. Such a judgment is no bar to another action for the same cause. Where a judgment of nonsuit has been rendered by the court, instead of deciding finally between the parties, it has been held that such a judgment might be set up in bar of another suit; but that rule is not applicable to a case where the nonsuit was granted for want of evidence on the part of the plaintiff to make out his case. Such appears to have been the result in the cause referred to, and did not prevent the present action. There is no ground for reversing the judgment.

Judgment affirmed.