NEWCOMB C. BARNEY et al., Respondents, *v.* JOHN M. FORBES, JR., Appellant.

Plaintiffs, who held certain bonds as collateral for a debt due them from M., received an inclosure sent by defendant, who was a member of the firm of D. & Co., containing a letter from M. to the effect that he had accepted a position in the house of R. & Co., and pledging a portion of his salary each year until the debt was paid; also asking that "with this assurance and the letter inclosed, the bonds be released." The letter referred to, which was also inclosed, was from defendant; after stating the employment of M. by his firm, the letter contained the following: "I will undertake that the agreement made by him to pay a certain amount to you each year shall be carried out until the indebtedness to your firm is liquidated." Plaintiffs accepted the proposition and surrendered the bonds. In an action upon the guaranty contained in defendant's letter, *held*, that the letters were to be taken and construed together; that upon their face it appeared that defendant's promise was made to procure the release of the bonds, which it accomplished, and this was a valid consideration; that, therefore, the requirements of the Statute of Frauds were met, the promise was valid and defendant was liable.

Also, *held*, that the guaranty was not limited to the time M. remained in the employ of R. & Co.

*E. N. Bank* v. *Kaufmann* (93 N. Y. 273), distinguished.

*It seems* a written guaranty given by a third person to a creditor that the debtor will pay a pre-existing debt, must, notwithstanding the amendment of the Statute of Frauds by the act of 1863 (Chap. 464, Laws of 1863), expressly or by fair implication disclose that the promise rests on a legal consideration.

*Speyers* v. *Lambert* (1 Sweeney, 335; 6 Abb. Pr. [N. S.] 309; 37 How. Pr. 315), stated to have been overruled.

Reported below, 44 Hun, 446.

(Argued January 29, 1890; decided February 25, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 13, 1887, which affirmed a judgment in favor of plaintiffs, entered upon a verdict directed by the court.

This was an action upon an alleged guaranty. The facts are sufficiently stated in the opinion.

*Frederick R. Coudert* for appellant. The defendant's promise was void under the Statute of Frauds, because the written memorandum subscribed by him does not state the terms of the agreement, nor indicate, without resort to oral testimony, any other memorandum that does. (*Wood* v. *Midgley*, 5 DeG. M. & G. 41; *Doe* v. *Pedgriph*, 4 C. & P. 312; *Wright* v. *Weeks*, 25 N. Y. 153; *Newberry* v. *Wall*, 65 id. 488; *Stone* v. *Browning*, 68 id. 604; *Drake* v. *Seaman*, 97 id. 233, 234, 237; *Long* v. *Millar*, 4 C. P. Div. 450; *Ridgway* v. *Wharton*, 3 De G. M. & G. 693; *Brown* v. *Whipple*, 58 N. H. 229; *Smith* v. *Jones*, 42 Am. Rep. 72; *Ridgway* v. *Ingram*, 50 Ind. 145; *Williams* v. *Morris*, 95 U. S. 456; *Grafton* v. *Cumings*, 95 id. 100.) The defendant's promise was void because the memorandum expresses no consideration, nor does it state anything from which the consideration can be clearly determined. (*Church* v. *Brown*, 21 N. Y. 331; *Drake* v. *Seaman*, 97 id. 235; *Castle* v. *Beardsley*, 10 Hun, 343; *Clark* v. *Hampton*, 1 id. 612; *Hall* v. *Farmer*, 2 id. 553; *Smith* v. *Ives*, 15 Wend. 182; *Sage* v. *Wilcox*, 6 Conn. 81; *Breed* v. *Hillhouse*, 7 id. 523; *McCorney* v. *Stanley*, 8 Cush. 85; *Walker* v. *Sherman*, 11 Met. 170; *Crofts* v. *Beale*, 11 C. B. 172.) The plaintiffs' fraudulent concealment of Mur's dishonest acts and of the stolen character of the securities concerned annulled defendant's promise and destroyed the consideration. (*F. Nat. Bank* v. *Van Slyke*, 49 Hun, 7; Story Eq. Jur., § 215; Kerr on Fraud & Mistake, 122, 123; Morse on Banking, 226; Bigelow on Fraud, 44–45; DeColyar on Guarantees, 370; *Graves* v. *L. N. Bank*, 19 Am. Rep. 50; *F. Bank* v. *Cooper*, 36 Me. 179; *Railton* v. *Matthews*, 10 C. & F. 934; *Sooy* v. *Slate*, 39 N. J. L. 135; *Dinsmore* v.

*Tidball*, 34 Ohio, 411; *Baxter* v. *Duren*, 39 Me. 434; *D. R. R. Co.* v. *Jarvis*, 20 N. Y. 226; *Herrick* v. *Whitney*, 15 Johns. 240; *Cross* v. *Huntley*, 13 Wend. 385; *Lewis* v. *Cosgrove*, 2 Taunt. 2.) The promise of defendant did not constitute an original debt by him, and cannot thus be taken out of the statute. (*Prime* v. *Koehler*, 77 N. Y. 91; *Brown* v. *Weber*, 38 id. 187; *Clapp* v. *Webb*, 9 N. W. Rep. 796; *White* v. *Rintoul*, 108 N. Y. 222; *Nelson* v. *Boynton*, 3 Metc. 396; *Dows* v. *Swett*, 134 Mass. 149; *Krutz* v. *Stewart*, 54 Ind. 170; *Mitchell* v. *Griffin*, 58 id. 559; *Millard* v. *Borshard*, 32 N. W. Rep. 538; *Sext* v. *Geise*, 6 S. E. Rep. 174; *Palmer* v. *Blain*, 55 Ind. 11; *Haverley* v. *Mercer*, 78 Pa. 257; *Ruppe* v. *Peterson*, 35 N. W. Rep. 82; *Hooker* v. *Russell*, 97 Wis. 257; *Gill* v. *Herrick*, 111 Mass. 501; *Stewart* v. *Campbell*, 4 Am. Rep. 296; *Richardson* v. *Robbins*, 124 Mass. 105; *Read* v. *Ladd*, 1 Edm. [S. C.] 100; *Knox* v. *Nutt*, 1 Daly, 213; *Jones* v. *Walker*, 13 B. Mon. 357; *Waggoner* v. *Gray*, 2 H. & M. 603; *Ware* v. *Stephenson*, 19 Leigh, 155.)

*Henry S. Bennett* for respondent. The letters constitute a valid contract in writing under the Statute of Frauds. (*E. N. Bank* v. *Kaufman*, 93 N. Y. 276; *Drake* v. *Seaman*, 97 id. 230.) It is clear that the guarantee of Forbes was substituted with his knowledge for the bonds as guaranty for Mur's debt. *E. C. S. Bank* v. *Coit*, 104 N. Y. 536.) The case at bar has, however, an element which distinguishes it from the foregoing cases, and makes the promise of defendant original and not collateral. Such promise need not be in writing. It is valid even if oral. The testimony shows that the consideration passed concurrently with and in consequence of the promise. (*E. C. S. Bank* v. *Coit*, 104 N. Y. 536; *White* v. *Rantoul*, 108 id. 223; *Ackley* v. *Parmenter*, 98 id. 425; *Milk* v. *Rich*, 80 id. 269; *Prime* v. *Koehler*, 77 id. 91; *Mallory* v. *Gillett*, 21 id. 413; *Nugent* v. *Wolfe*, 5 East. Rep. 374.) No proposition of law founded on the fact of the bonds not having been owned by Mur can aid appellants. (*Knickerbocker* v. *Gould*, 115 N. Y. 538; *Salisbury* v. *Howe*,

87 id 132; *Merrill* v. *C. C. Co.*, 114 id. 218; *Newhall* v. *Bartlett*, Id. 399.)

FOLLETT, Ch. J.   August 31, 1882, J. M. Mur was indebted in the sum of $9,941.88 to the plaintiffs, who held as collateral, eight first mortgage bonds for $1,000 each, with several coupons attached, issued by the Boston, Hartford & Erie Railroad Company, and four hundred of the shares of the stock of that corporation.   The shares were of little, or no value; but the value of the bonds and coupons was about equal to the debt.   At this time the defendant was one of the partners of Russell & Co., and on the date mentioned, he inclosed the following letters in an envelope and sent them to the plaintiffs :

"NEW YORK, August 31, 1882.

" Mess. BARNEY, RAYMOND & Co., 84 Broadway,

"DEAR SIRS :—Mr. J. M. Mur being under engagement to Mess. Russell. & Co., as their head bookkeeper, will have $4,000 (Mexican) per annum as salary, and I will undertake that the agreement made by him to pay a certain amount to you each year, shall be carried out, until the indebtedness to your firm is liquidated.

"Yours truly,

"JOHN M. FORBES, JR."

"NEW YORK, August 31, 1882.

Messrs. BARNEY, RAYMOND & Co., New York,

"DEAR SIRS :—As you are aware I have accepted a position in China in the house of Messrs. Russell & Co., at a salary of $4,000 per annum, and in order to liquidate my indebtedness to you of $9,941.88, as per account rendered yesterday, I now pledge to you to remit you from China the sum of $3,000 (three thousand dollars per annum), in quarterly payments, until the said account is closed.   There shall be no failure on my part, and I trust with this assurance and the letter inclosed that this arrangement will be satisfactory, and that you will release the bonds in question.

"I am, dear sirs, very respectfully yours,

"J. M. MUR."

After receiving these letters the plaintiffs surrendered the bonds, but when, or to whom does not appear. On different dates, between August 31, 1882, and October 20, 1884, Mur paid on his debt $3,429.25, and afterwards this action was brought to recover the remainder from the defendant, on the ground that he bound himself, by the letters, to pay Mur's debt.

The defense interposed is that defendant's promise contained in his letter of August 31, 1882, is void by the second section of the second title of the Statute of Frauds, because the consideration which moved him to undertake that Mur should perform the promise which he made in his letter of the same date, does not appear upon the face of the letter signed by the defendant, or, upon the face of both of the letters, read together.

The defendant insists that his letter does not refer to Mur's, and that the two are not, by their language, so obviously connected that they may be read together for the purpose of ascertaining the terms and consideration of the defendant's promise. His letter states that Mur had been employed by Russell & Co. on a salary of $4,000 per annum. Mur's letter states the same fact. The defendant states in his letter: "I will undertake that the agreement made by him (Mur) to pay a certain amount to you (plaintiffs) each year, shall be carried out until the indebtedness to your firm is liquidated." Mur's letter agrees to pay plaintiffs a certain amount, $3,000 each year, to liquidate his indebtedness, and refers to "the letter inclosed." It was undisputed that both letters were inclosed in an envelope and sent by the defendant to the plaintiffs. It was competent to show this fact by oral evidence, for the same reason that it is competent to show by like evidence how and when letters forming a part of an entire correspondence were received. The delivery and circumstances attending the delivery of writings may be shown by oral evidence. Both letters must be read together, (*Coe* v. *Tough* 116 N. Y. 273), and if both satisfy the requirements of the Statute of Frauds, the defendant must be held liable.

A written guaranty given by a third party to a creditor, that his debtor will thereafter pay to him a pre-existing debt, must, notwithstanding the amendment of the Statute of Frauds by chapter 464 of the Laws of 1863, expressly or by fair implication, disclose that the promise rests on a legal consideration. (*Castle* v. *Beardsley*, 10 Hun, 343 ; *Drake* v. *Seaman*, 97 N. Y. 230 ; Reed on Stat. Frauds, §§ 423, 426.) Since that amendment the courts have held, with great uniformity, that all of the essential parts of contracts within the amended section must be in writing. (*Newbery* v. *Wall*, 65 N. Y. 484, 488; *Stone* v. *Browning*, 68 id. 598, 604 ; *Drake* v. *Seaman*, *supra*.) The existence, or the acknowledgement of the existence, of a legal consideration for the support of such promise, is not only essential, but is absolutely indispensable. The history of this question is fully given in *Church* v. *Brown* (21 N. Y. 331) and in *Drake* v. *Seaman* (*supra*), and it is quite unnecessary to again go over the cases or give reasons for the existence of the rule. *Speyers* v. *Lambert* (1 Sweeney, 335 ; 6 Abb. Pr. [N. S.] 309, and 37 How. Pr. 315), must be regarded as overruled. In *Evansville National Bank* v. *Kaufmann* (93 N.Y. 273), the defendants were held not to be liable upon their written guaranty, because there was, in fact, no consideration for it, nor was any expressed in the writing. It was said in *Drake* v. *Seaman* (97 N. Y. 234): " What was said in *Evansville National Bank* v. *Kaufmann* (93 N. Y. 273), was not at all intended to decide the question upon which the courts have thus differed. The guaranty there was special and without consideration in fact, and the question now under discussion was not before the courts."

To ascertain the meaning of an ambiguous written contract, the circumstances under which it was executed and the matters to which it relates, may be established by oral evidence and considered by the court. Mur was indebted to the plaintiffs in the sum of $9,941.88, and had left with them eight bonds as collateral. The amount due is stated in Mur's letter, which concludes : " I trust, with this assurance (Mur's letter), and the letter (defendant's letter) inclosed, that this arrangement will

be satisfactory, and that you will release the bonds in question." The proposition contained in the letters was accepted by the plaintiffs, and the bonds in question were released. We think it appears on the face of the letters that defendants' promise was made to procure the release of the bonds which it secured, and was a valid consideration for his warranty.

There is no evidence that the defendant was induced to promise by the representations of the plaintiffs, or that they concealed any fact from him. The evidence does not show that the plaintiffs had not a good title to the eight negotiable bonds.

The obligation created by the words: "I now pledge to you to remit you from China the sum of $3,000 (three thousand dollars per annum), in quarterly payments, until the said account is closed," the performance of which the defendant guaranteed, is not limited by the other parts of the letters, to a contract to pay only during the time that Mur remained in the employ of Russell & Co.

The judgment should be affirmed, with costs.

All concur, except HAIGHT, J., not sitting.

Judgment affirmed.