## MARSTON *v.* FRENCH.

(*Common Pleas of New York City and County, General Term.* February 1, 1892.)

1. STATUTE OF FRAUDS—GUARANTY—CONSIDERATION.

    Notwithstanding the omission from the statute of frauds by the amendment of 1863, c. 464, of the requirement that the consideration of a written promise to pay the debt of another must appear on its face, it is still necessary that a contract of guaranty must show the consideration thereof on its face.

2. GUARANTY—PAST CONSIDERATION—VALIDITY.

    A recital in an alleged contract of guaranty, as a consideration therefor, that the guarantor had entered into various contracts with a certain other person, shows a past consideration, and is insufficient to support the guaranty.

3. SAME—DISCLOSURE OF PERSON GUARANTIED.

    A written guaranty which fails to show on its face the person to whom the guaranty is made is void.

Appeal from district court.

Action by Richard Marston against Mary F. French on an alleged guaranty. Prior to Laws N. Y. 1863, c. 464, contracts within the statute of frauds were required to show their consideration on their faces. The amendment of the Code that year omits that requirement. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Samuel Hyman,* for appellant.      *William Arrowsmith,* for respondent.

PRYOR, J. The actions are brought by plaintiff, as assignee, upon an alleged guaranty of defendant; and the fundamental question is whether the guaranty be valid and enforceable. It is a mistake to suppose that since the act of 1863 a contract of guaranty need not express the consideration. The rule is conclusively settled otherwise by the court of appeals, (*Barney* v. *Forbes,* 118 N. Y. 580, 585, 23 N. E. Rep. 890; *Drake* v. *Seaman,* 97 N. Y. 230;) and it is still the law of New York that a contract of guaranty, to be valid, must exhibit on its face the parties, the promise, and the consideration. True, these essential elements of the agreement need not all appear in a single paper, yet parol evidence is not admissible to connect several papers, but their relation must be seen by intrinsic reference. When such relation is so apparent, parol evidence is receivable to identify the paper referred to. These propositions are elementary.

Defendant's guaranty to Brown recites that, "whereas, I, Alexander Brown and Chester Phillips Smith have made and entered into various contracts;" and this is the only expression of consideration to be collected from the paper. But the expressed consideration is manifestly no consideration in law; for "a bygone consideration, unless supported by a request, will not sustain a subsequent promise." TINDAL, C. J., in *Thornton* v. *Jenyns*, 1 Man. & G. 188; *Hunt* v. *Bate*, Dyer, 272. A contract already executed, without more, affords no consideration for a subsequent promise of guaranty.

But, as to the other contracts assigned to the plaintiff, namely, those of Palmoni, Clifford, Knott, and Leiden, it is said that each of them is secured by another and peculiar guaranty. These contracts contain reciprocal obligations between the parties,—mutual stipulations,—and the defendant promises merely to secure or accept "the above." Now, whose engagements does she thereby agree to guaranty? For which of the parties is she a surety? The contract of guaranty must exhibit *ex facie* the contracting parties. *Mentz* v. *Newwitter*, 122 N. Y. 491, 25 N. E. Rep. 1044. Here Mrs. French appears as the guarantor; but who the guarantee is, the paper does not disclose. It is equally consistent with its terms that she guarantied the engagements of both parties, or of the party of the first part, or of the party of the second part. "It is indispensable that the written memorandum should show, not only who is the person to be charged, but also who is the party in whose favor he is to be charged." Benj. Sales, §§ 234, 235; 122 N. Y. 495, 25 N. E. Rep. 1044.

Appellant presents other grave exceptions to the judgments; but, the error indicated being radical, it is unnecessary to consider them. Judgment reversed, and new trial granted, costs to abide event. All concur.