### HAINES *v.* SMITHER.

*(Supreme Court, General Term, Fifth Department.    October 21, 1892.)*

STATUTE OF FRAUDS—PROMISE TO PAY DEBT OF ANOTHER—EVIDENCE.

Plaintiff threatened to arrest defendant's father for debt unless defendant should pay or secure the debt. Thereupon defendant wrote to plaintiff's attorney that he had proposed to his (defendant's) sister that the two should pay the debt by paying $50 in cash, and indorsing their father's note for the balance, and that he was awaiting his sister's answer. Afterwards defendant informed the attorney orally that he had concluded to settle the matter, and gave the attorney a check for $50. Subsequently he refused to indorse the note for the balance of the claim. *Held,* that there was no promise by defendant in writing to pay the debt of his father.

Exceptions from circuit court, Erie county.

Action by Calvin Haines against Robert K. Smither. Plaintiff moves for a new trial on a case and exceptions ordered to be heard in the first instance at general term, after verdict for defendant by direction of the court at circuit. Motion denied.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*W. H. Clark,* for the motion.    *B. Frank Dake,* opposed.

DWIGHT, P. J. The action was to recover a balance, unpaid, on an alleged promise, in writing, of the defendant to pay the debt of another. The alleged promise in this case was—*First,* not a promise at all; and, *second,* it expressed no consideration. It seems that the plaintiff had a claim of $100 against the defendant's father, for which he threatened his arrest, and that he called upon the defendant to pay or secure the debt in order to save his father from that proceeding. The paper relied upon as a promise in writing was a letter addressed by the defendant to the attorney for the plaintiff, in

which he states that he has proposed to his sister that they two pay the claim, by paying $50 in cash, and indorsing the note of the father and his wife for the balance, and that he is awaiting her answer to the proposition. Two or three days after, the defendant called on the attorney, informed him that he had concluded to settle the matter, and gave him his check for $50, payable to the order of the plaintiff. The next day after that he wrote the attorney again, in effect, that he had obtained further information in respect to the claim against his father, and would decline to indorse the proposed note for the balance of the claim. This is all the foundation for the plaintiff's allegation of a promise in writing. It is apparent that the writing contains no promise. It only informs the plaintiff, through his attorney, that he has proposed to his sister an arrangement by which, if she consents, the claim will be paid or settled, and no consideration whatever is mentioned in the letter. The writing cannot be helped out, either as to the promise or as to the consideration, by any parol negotiations or promises preceding or following it. It is now well settled that the writing required by the statute of frauds to support a contract to pay the debt of another must be complete in itself, must contain all the elements of a valid contract, and must show on its face, either expressly or by necessary implication, that it rests upon a valid consideration. *Castle* v. *Beardsley,* 10 Hun, 343; *Drake* v. *Seaman,* 97 N. Y. 230; *Barney* v. *Forbes,* 118 N. Y. 580, 585, 23 N. E. Rep. 890. The evidence of the subsequent oral statement of the defendant, that he had decided to settle the claim, did not help out the writing, and the payment of the $50 was purely voluntary, and gave no aid to the oral promise to answer for the remainder of the debt. Such a promise is not one of those which is taken out of the statute by part performance. The motion for a new trial must be denied, and judgment directed for the defendant on the verdict. All concur.