(30 Abb. N. C. 450.)

### CAHILL IRON WORKS v. PEMBERTON.

(Common Pleas of New York City and County, Special Term.    July 24, 1893.)

DEMURRER—WHEN NOT FRIVOLOUS.

In an action on a guaranty made in Tennessee, and void in New York because no consideration was expressed therein, a motion for judgment

on defendant's demurrer as frivolous will be denied, since plaintiff, in order to sustain the guaranty under the law of Tennessee, must plead the law of that state.

At chambers.    Action by the Cahill Iron Works, a foreign corporation organized under the laws of the state of Tennessee, against Frank R. Pemberton, doing business in the city of Chattanooga, Tenn., under the name of Frank R. Pemberton & Co., to recover the sum of $1,347.64, with interest on $703.99 from the 15th day of July, 1891, and on the sum of $608.50 from the 1st day of August, 1891.    Defendant demurred to the complaint, and plaintiff now moves for judgment on the demurrer as frivolous.    Denied.

The complaint, omitting the formal parts, is as follows:

For a first cause of action:

(3) That on or about the 25th day of March, 1891, the Kensington Land Company was indebted to the plaintiff in the sum of seven hundred and three and 99-100 ($703.99) dollars, and in consideration that the plaintiff would extend the time of payment of said indebtedness, and accept the ninety-day note of said land company in payment of said indebtedness, the defendant agreed to and with the plaintiff, at the city of Chattanooga, in said state, to give the plaintiff his written guaranty of the payment of said note at maturity; whereupon the said land company executed and delivered to the plaintiff its certain promissory note in writing, dated on or about the 25th day of March, 1891, wherein and whereby it promised to pay to the order of the plaintiff seven hundred and three and 99-100 ($703.99) dollars, ninety days after date; and at the same time the defendant, under said name of F. R. Pemberton & Co., executed and delivered to the plaintiff his written guaranty of the payment of the said note, of which the following is a copy:

"Chattanooga, Tenn., March 25th, 1891.

"The Cahill Iron Works, Chattanooga, Tenn.—Dear Sirs: Referring to the ninety-day note for seven hundred and three and 99-100 ($703.99) dollars, given you by the Kensington Land Company in payment of bills rendered, we beg leave to say that we will guaranty the prompt payment of the note at maturity.                ·

"Very respectfully,                        F. R. Pemberton & Co."

(4) That, at the maturity of said note, the said land company applied for an extension of time in which to pay the same, and, in consideration that the plaintiff would renew said note fifteen days, the defendant agreed to give his written guaranty of the payment of the same; whereupon, at said city of Chattanooga, on the 27th day of June, 1891, the said land company executed and delivered, in renewal of said note, its certain promissory note in writing, of which the following is a copy:

"$703.99.                            Chattanooga, Tenn., June 27th, 1891.

"Fifteen days after date we jointly and severally promise to pay to the order of the Cahill Iron Works seven hundred and three and 99-100 ($703.99) dollars at First National Bank, Chattanooga, Tenn., value received.    If suit is brought on this note, we agree to pay 5% attorney's fees and costs of collection.                        Kensington Land Company.

"F. W. Carlisle, Treasurer."

And pursuant to the foregoing agreement the defendant, under said name of F. R. Pemberton & Co., on said last-named day executed and delivered to the plaintiff his certain guaranty in writing of the payment of said last-named note, of which the following is a copy:

"With the consent of the Cahill Iron Works, the Kensington Land Company renewed the note above mentioned, viz. seven hundred and three and 99-100 ($703.99) dollars, for fifteen days, due July 15th, 1891, the payment of which we guaranty.                        F. R. Pemberton & Co."

(5) That said last-named note was, at its maturity, duly presented for payment at said bank, and payment thereof duly demanded, but payment thereof was refused, of which presentment and nonpayment due and timely notice was given to the defendant.

(6) That no part of said note has been paid, although payment thereof has been duly demanded of the defendant, and the plaintiff is now the owner and holder thereof.

For a second cause of action:

(7) That on the 22d day of April, 1891, the said Kensington Land Company was indebted to the plaintiff in the further sum of six hundred and eight and 50-100 ($608.50) dollars, and in consideration that the plaintiff would extend the time of payment of said indebtedness, and accept the ninety-eight day note of said land company in payment thereof, the defendant agreed, to and with the plaintiff, to give to the plaintiff his written guaranty of the payment of said note at maturity; whereupon the said land company, at the said city of Chattanooga, and on or about the 22d day of April, 1891, executed and delivered to the plaintiff its certain promissory note in writing, of which the following is a copy:

"$608.50.                      Chattanooga, Tenn., April 22nd, 1891.

"Ninety-eight days after date we promise to pay to the order of the Cahill Iron Works six hundred and eight and 50-100 ($608.50) dollars. Negotiable and payable at F. R. Pemberton & Co., bankers, value received, with legal rate of interest after maturity until paid. If this note is collected by an attorney suit or otherwise, we agree to pay all fees and costs of collection.
                                   "Kensington Land Company.
                                        "F. W. Carlisle, Treasurer."

And thereupon, and pursuant to the foregoing agreement, the defendant, under said name of F. R. Pemberton & Co., on said last-named day executed and delivered to the plaintiff his written guaranty of the payment of said note, of which the following is a copy:

                                   "Chattanooga, Tenn., April 22nd, 1891.

"The Cahill Iron Works, Chattanooga, Tenn.—Dear Sirs: Referring to the note of the Kensington Land Company in your favor for six hundred and eight and 50-100 ($608.50) dollars, dated April 22nd, 1891, ninety-eight days after date, and due July 24th, 1891, we beg leave to say that we will guaranty the payment of said note at date of its maturity.
     "Very respectfully,                        F. R. Pemberton & Co."

(8) That said note was, at maturity, duly presented for payment at the office of said F. R. Pemberton & Co., and payment thereof duly demanded. but payment thereof was refused, of which presentment and nonpayment due and timely notice was given to the defendant.

(9) That no part of said note has been paid, although payment thereof has been duly demanded of the defendant, and the plaintiff is now the owner and holder thereof.

J. H. Caldwell, for plaintiff.
Frank Sullivan Smith, for defendant.

BISCHOFF, J. Defendant demurred to each of the two causes of action which are set forth in the complaint, alleging, as the specific ground of the demurrer, that the facts pleaded are insufficient in law to constitute a cause of action; and in considering the demurrer we may properly assume the truth of the allegations of the complaint. Cutler v. Wright, 22 N. Y. 472; Milliken v. Telegraph Co., 110 N. Y. 403, 18 N. E. 251. Each of the causes of action is upon a written guaranty, which is alleged totidem verbis, and is void under the law of this state because the writing does not express a consideration for the guaranty. Barney v. Forbes, 118

N. Y. 580, 585, 23 N. E. 890; Drake v. Seaman, 97 N. Y. 230; Marston v. French, (Com. Pl. N. Y.) 17 N. Y. Supp. 509.    The complaint, however, furthermore shows that the several guaranties were made in the state of Tennessee, and, because the contrary nowheie appears, it must be presumed. that the place where the contract was entered into was intended also to be the place where it was to be performed.    Perry v. Transfer Co., (Com. Pl. N. Y.) 19 N. Y. Supp. 239.    In the present instance, therefore, the lex loci actus agrees with the lex loci solutionis, and they equally constitute the lex loci contractus, by which the validity of the guaranty must be determined.    In the absence of proof of the statute law of another state, it will be presumed that the common law prevails therein, (Whitford v. Railroad Co., 23 N. Y. 465; Waldron v. Ritchings, 3 Daly, 288;) and, as at common law a guaranty was valid without any writing whatsoever, (1 Chit. Cont. [11th Am. Ed.] pp. 5, 6, 90, 91; Pratt v. Railroad Co., 21 N. Y. 305, 308,) the statute of frauds (29 Car. II. A. D. 1677) affecting only the mode of proving it, (1 Greenl. Ev. § 262, note 6; Throop, Verb. Agr. § 8, note a; 2 Rice, Ev. § 515, etc.,) plaintiff's counsel contends that the guaranties are sufficient without expressing a consideration, and that the demurrer to the complaint is untenable and frivolous.    The presumption, however, that the common law prevails in another state, in the absence of proof that the common law has been abrogated by the statute law of that state, is circumscribed by still another presumption, namely, that the common law of the particular state corresponds to our own.    Holmes v. Broughton, 10 Wend. 75.    The common law of the state of New York differed from the common law of England in that the statute of frauds, passed during the reign of King Charles II., formed a part of the former.    The English colonists in this country, prior to the establishment of their independence, are presumed to have carried with them the laws of the country to which they at the time owed their allegiance, except only so far as such laws were inapplicable to their condition and to the form of government subsequently established by them. The laws so transmitted constituted the common law of the colonies, (Bogardus v. Trinity Church, 4 Paige, 178, 198, affirmed 15 Wend. 111; 1 Kent, Comm. pp. 472, 473,) and by constitutional adoption became the common law of this state, (see constitutions of the state of New York, April 20, 1777, art. 35; Nov. 10, 1821, art. 7, § 13; Nov. 3, 1846, art. 1, § 17.)    Treating, therefore, the statute of frauds, (29 Car. II. A. D. 1677,) which may be found printed at length in Mr. Throop's work on the Validity of Verbal Agreements, at page 21, as part of our common law, and comparing the provisions of section 4 thereof with the provisions of. subdivision 2, § 2, tit. 2, c. 7, of the Revised Statutes, as amended by Laws 1863, c. 464, (see 3 Rev. St. [Banks Bros.' 7th Ed.] p. 2327,) no distinction is discernible between the common law and the statute law of the state of New York concerning the essential requisites of the memorandum or agreement in writing whereby one person promises to answer for the debt, default, or miscarriage of another; and upon the authority of Barney v. Forbes, Drake v. Seaman, and

Marston v. French, supra, the alleged guaranties upon which plaintiff seeks to recover in this action are equally invalid because they do not express a consideration under the common law and statute law of this state.    It follows, therefore, that, if it will be insisted that the alleged guaranties are valid and enforceable under the statute or common law of Tennessee, plaintiff must plead the law of that state, in order that proof thereof may be admissible on the trial of this action.    Bliss, Code Pl. § 180.    Plaintiff's motion for judgment on the demurrer as frivolous is denied, with $10 costs.