(30 Abb. N. C. 450.)

## CAHILL IRON WORKS v. PEMBERTON.

(Common Pleas of New York City and County, Special Term. October 9, 1893.)

GUARANTY—ACTION ON—COMPLAINT.

A demurrer on the ground that the written guaranty sued on does not recite a consideration cannot be sustained, as plaintiff may produce other writings on the trial referring to, and thereby connected with and to be considered as part of, the guaranty, which will show a consideration.

Action by the Cahill Iron Works against Frank R. Pemberton. Plaintiff's motion for judgment on a demurrer to the complaint on the ground that the demurrer was frivolous having been overruled, (27 N. Y. Supp. 927,) the cause is now heard on the demurrer. Overruled.

J. H. Caldwell, for plaintiff.

Frank Sullivan Smith, for defendant.

GIEGERICH, J. This action is upon two distinct contracts of guaranty, set forth verbatim in the complaint. The defendant demurs to each cause of action on the ground that the facts stated are insufficient, in that the written guaranties pleaded do not show any consideration, as is required by the statute of frauds of this state. Barney v. Forbes, 118 N. Y. 580, 585, 23 N. E. 890, and cases cited. The plaintiff urges that as the guaranties were given, and intended to be performed, in Tennessee, the law of New York state is inapplicable; but considering the question on the grounds which the demurrant himself has taken, viz. that the complaint must be tested by the statute of frauds as it exists in this state, the demurrer must fail. The third, fourth, and seventh clauses of the complaint, respectively, allege that the plaintiff accepted a renewal of the promissory notes in consideration of the defendant's agreement to guaranty the payment of the renewed notes at maturity. For the purposes of the demurrer, these allegations must be taken as proved. Cutler v. Wright, 22 N. Y. 472; Milliken v. Telegraph Co., 110 N. Y. 403, 18 N. E. 251. True, the above clauses do not distinctly allege that the consideration was expressed in writing, but it will be presumed, in a case like this, in support of a complaint on a demurrer, that the contract was in writing. Marston v. Swett, 66 N. Y. 206; Stern v. Drinker,

2 E. D. Smith, 401, 406; Cozine v. Graham, 2 Paige, 177; Harris v. Knickerbacker, 5 Wend. 638; Livingston v. Smith, 14 How. Pr. 490; Abb. Brief, Pl. § 167, p. 149. It is also true that the guaranties exhibited in the complaint are incomplete in failing to state any consideration; but all that the statute requires is that the consideration be proved by writing, (Church v. Brown, 21 N. Y. 315, 332,) and it may well be that letters or other writings, referring to, and thereby connected with, and to be considered as part of, the guaranties, will be produced on the trial, which will abundantly show that the forbearance was granted in consideration of the guaranties, (Barney v. Forbes, supra.) I know of no rule which would warrant me in holding that because a plaintiff has gone beyond what the law requires, and has pleaded evidence, it shall be considered that the evidence so pleaded is all he has or can produce. Rather, it should be regarded as surplusage, and of no effect. As the original English statute of frauds, which Judge Bischoff held in his opinion in this cause, (herewith reported, 27 N. Y. Supp. 927,) upon plaintiff's motion for judgment on the demurrer as frivolous, to be properly applicable to this case, related to the method of proving a contract, and not to pleading, the conclusion above reached follows with equal force, if the complaint be tested under that statute. In either case the demurrer must be overruled, with costs.