(7 Misc. Rep. 186.)

NICOLL v. HYMAN.

(Common Pleas of New York City and County, General Term.　February 9, 1894.)

LEASE—RENEWAL—LIABILITY OF GUARANTOR.

An indorsement that "the within lease is hereby continued in force for one year * * * upon the same terms, provisions, covenants, and conditions contained in the within lease" signed by the guarantor of the rent reserved in the original lease is sufficient as a guaranty of the rent for the renewed term.

Appeal from eighth district court.

Action by Donald Nicoll against Fanny Hyman. From a judgment in favor of plaintiff rendered by a justice without a jury, defendant appeals. Affirmed.

Action by landlord against guarantor of payment under lease, to recover rent due upon renewed lease, such renewal being indorsed upon the original instrument in the following terms:

"The within lease is hereby continued in force for one year, to commence on the first day of February, 1892, at noon, and to end on the first day of February, 1893, at noon at the yearly rental of seven hundred and twenty ($720) dollars, payable monthly in advance, as within specified, and otherwise upon the same terms, provisions, covenants, and conditions continued in the within lease.

"Dated Jany. 22, '92.　　　　　　　　　　　　Fanny Hyman.
"Witness: Q. T. Higgins.　　　　　　　　　　S. Hyman."

In the original lease, Isadore Hyman is described as tenant, and the defendant as surety, the guaranty being as follows: "The premises being rented at the request of Mrs. Fanny Hyman, as surety, the latter agrees, in consideration of the said letting, that the tenant shall pay the rent and perform the agreement on his part above written." The lease is signed by said Isadore Hyman, the plaintiff, and the defendant.

Argued before BISCHOFF and GIEGERICH, JJ.

S. F. Hyman, for appellant.
Theall & Beam, for respondent.

BISCHOFF, J. The evidence shows that possession was had under the lease during the period for which the rent is demanded. No express surrender is proven, and we are concluded, in this case, by the finding of the justice that there was no constructive eviction. Weiss v. Strauss, (Com. Pl. N. Y.) 14 N. Y. Supp. 776. The principal ground urged by the appellant for reversal relates to the insufficiency of the renewal agreement indorsed upon the lease to constitute a guaranty by the defendant for the renewed term. The proposition is not to be supported. Apart from the consideration of the necessity of presenting the statute of frauds by pleading, the guaranty is sufficient, as to subject, parties, and consideration, by intrinsic reference to the lease renewed. Marston v. French, (Com. Pl. N. Y.) 17 N. Y. Supp. 509. It is signed by the party to be charged. No reduction of the rent was properly to be allowed by reason of the fire which occurred. This was pleaded as matter of defense, merely, and, as above shown, the determination adverse to such defense must stand. The motion to amend the answer upon the

trial, for the purpose of demanding damages in that regard, was of a nature which addressed itself to the justice's discretion in this instance, (Tattersall v. Hass, 1 Hilt. 56,) and therefore is not to be reviewed, (Rosenwald v. Hammerstein, 12 Daly, 379. The right to relet under the sixth clause of the lease, with respect to defaults, was optional with the landlord, and did not involve a duty to the tenant. In view of the evidence, the fact that the rent for the latter part of the month of November, after the fire, was remitted, did not necessitate a finding that the lease was thereby terminated. An examination of the exceptions appearing upon the record discloses no error prejudicial to the appellant. Judgment affirmed, with costs.