(18 Misc. Rep. 445.)

SCHISGAL v. WRONKOW.

(Supreme Court, Appellate Term, First Department. November 25, 1896.)

CORPORATIONS—LIABILITY OF OFFICER FOR DEBTS—AGREEMENT TO PAY.

An officer of a corporation, who, in the adjustment of claims of an employé against it, signs and delivers to the employé a memorandum, "The question of wages between sixty and twenty dollars I agree to settle hereafter," does not thereby render himself personally liable for the wages, as it contains neither a promise to pay nor a recital of a consideration.

Appeal from Fourth district court.

Action by Solomon Schisgal against Herman Wronkow for salary as superintendent of the New York Watch Company. There was a judgment in favor of defendant, and plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Willard U. Taylor and Foley & Wray, for appellant.
Ezekiel Fixman and D. S. Ritterband, for respondent.

DALY, P. J. The action as originally stated in the oral pleadings was "for wages," but by amendment was changed to an action "for salary as superintendent of the New York Watch Company": and the plaintiff sought to establish a claim upon the defendant, who was president of the company, for amounts due, as was contended, under a written agreement of employment by the company. The plaintiff was employed by the company at $80 a month for a period of three years, with the right of the company to terminate the employment on giving two weeks' notice. Such notice was given by the defendant, as president, on November 8, 1895, and was accepted by the plaintiff. The wages were payable monthly, and no payment was made to the plaintiff for the week between November 1st and November 8th, nor for the two weeks thereafter for which he claims. Subsequent to the discharge, the plaintiff and the president met at the office of the latter's counsel, and an arrangement was made by which the plaintiff sold his stock in the company to the defendant, and received $250 in cash and $250 in notes, and executed a general release of the company and the defendant. He claims that it was then agreed between himself and the defendant that the latter would settle with him the question as to the amount of salary due him, and there was produced upon the trial a pencil memorandum, signed by the defendant, reading as follows:

"New York, December 2nd, 1895.

"The question of wages between sixty and twenty dollars I agree to settle hereafter.      H. Wronkow."

The claim of the plaintiff is that the defendant thus became personally bound for the payment of whatever was due for salary under the contract. There was a dispute as to whether this memorandum was given to the plaintiff before or after the release was executed, and, therefore, whether it was an agreement of the parties to except from the release the question of salary due under the contract, or whether the final settlement embraced the matter referred to in it. As the justice found for the defendant, we must assume the finding of all disputed questions of fact in favor of the latter; but, apart from that question of fact, there does not seem to be sufficient evidence that the defendant incurred a personal liability. The original debt was concededly a debt of the company. The writing is not sufficient to charge him under an agreement to be answerable for debts of the company, as the writing fails to recite any consideration, an essential part of such contract, notwithstanding the amendment of the Revised Statutes in that regard. Iron Works v. Pemberton (Com. Pl.) 27 N. Y. Supp. 927, 931. But, as we understand the claim of the plaintiff, the defendant is not charged as guarantor, but liable upon an original promise. No promise to pay is evidenced by the paper. The defendant agrees thereafter to "settle the question of wages between sixty and twenty dollars." It is not an agreement to pay either $20 or $60, but at the utmost is a stipulation that the question of wages is to be excepted from the settlement then made; but, if so excepted, it

remained an obligation of the company, and did not become an obligation of the president personally, and, if enforceable, is enforceable against the company. It did not import that any one should pay except the party liable to pay, and. in signing it, the president must be deemed to have acted for the company in excepting the question of wages from the settlement with the company, and not as assuming an individual liability.

The judgment must, therefore, be affirmed, with costs. All concur.