## RAUCH v. DONOVAN.

(Supreme Court, Appellate Division, First Department. May 15, 1908.)

1. FRAUDS, STATUTE OF—REAL PROPERTY AND ESTATES AND INTERESTS THEREIN.

A parol agreement for a joint venture with respect to a parcel of land, title to be taken in one of the parties, to be held on their joint account, and sold and the profits divided, is not an agreement for the sale of property or for the conveyance of an interest in land within the statute of frauds, and need not be in writing, and in an action for an accounting concerning land and for a sale thereof, and the division of the surplus profits between the parties, plaintiff can show by parol that a written agreement by defendant's grantor to purchase the property at foreclosure and to hold the premises "on our joint account and divide any amount derived from the sale of said premises," etc., but which was not addressed to any one, and was not signed by plaintiff, was made with plaintiff.

2. CONTRACT—CONSIDERATION—EVIDENCE.

In a suit for an accounting concerning land and for a sale thereof, and a division of the profits between the parties, plaintiff alleged that she subordinated the lien of a mortgage which she held to that of one D., defendant's grantor. on the faith of D.'s agreement to purchase the property for their joint account at the foreclosure of D.'s mortgage, and introduc-

ed a writing signed by D. wherein he agreed that, if he bid in the property, he would hold it for their joint account and divide the net profits. *Held,* that it might reasonably be inferred from the agreement that plaintiff was to refrain from bidding at the sale, and that this presumptively afforded a sufficient consideration for D.'s promise.

Appeal from Special Term.

Action by Gretchen Rauch against Elizabeth Donovan. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Alexander U. Zinke, for appellant.

Benjamin N. Cardozo (Hamilton Odell, on the brief), for respondent.

LAUGHLIN, J. This is a suit in equity for an accounting concerning the premises Nos. 109 and 111 West 103d street, in the borough of Manhattan, New York, and for a sale thereof, and the division of the surplus profits between the parties. The theory of the action is that Cornelius J. Donovan, the husband of the defendant, took title to the premises in trust under a copartnership agreement or an agreement for a joint venture between him and the plaintiff, by which he was to carry and sell the premises, and divide the surplus proceeds equally between them. Donovan obtained title on the 4th day of October, 1897, by a referee's deed on the foreclosure by him of a mortgage upon the premises. On the 11th day of November thereafter, Donovan and the defendant, his wife, conveyed the premises, without consideration, to one Wolfe, who was a friend and business associate of Donovan, and on the 16th day of the same month Wolfe reconveyed the premises to the defendant without consideration. Donovan died on the 20th day of May, 1898. No evidence was offered in behalf of the defendant, and the facts are therefore uncontroverted.

It appears that on the 27th day of September, 1895, the premises were owned by one Rosendorff, who on that day conveyed them to one Junge, plaintiff's stepfather, subject to a mortgage of $16,000 on No. 109 and of $15,000 on No. 111, taking back a purchase-money mortgage on No. 111 of $2,000. On the 24th day of February, 1896, the plaintiff's stepfather executed a mortgage on both parcels to said Donovan to secure the payment of $4,000. On the 24th day of April, 1896, Rosendorff commenced an action to foreclose his purchase money mortgage on No. 111. Plaintiff thereupon, with a view to protecting her stepfather, who was the owner of the equity of redemption and who was liable on a bond, purchased and took an assignment of the mortgage in process of foreclosure. On the 11th day of September, 1896, plaintiff satisfied this mortgage and took a new mortgage on the same premises and a bond from her stepfather for the same amount, which had the effect of subrogating her loan to that of Donovan under his mortgage. On the 19th day of May, 1897, Donovan brought an action to foreclose his mortgage, joining plaintiff as a junior mortgagee. Counsel for the appellant asserts in his points that plaintiff subrogated the lien of her mortgage to that of Donovan

"on the express promise of Donovan that she would be protected from
loss thereafter by foreclosure on his mortgage," and he cites a folio
of the record as showing that fact.    Neither this folio nor any other
folio in the record shows such fact, nor was evidence thereof offered.
Evidence was given by plaintiff's brother, showing that he had a con-
versation with Donovan in September, 1896, concerning the assign-
ment of the mortgage to plaintiff, but he was not asked to state the
conversation.    It was shown, however, that on the 27th day of May,
1897, after Donovan had begun the foreclosure of his mortgage,
Donovan and his counsel, and plaintiff and her brother met at a store,
No. 811 Columbus avenue, conducted by plaintiff's stepfather and
where plaintiff was employed, and Donovan said to plaintiff that he
wished "to draw up that agreement in writing now that you asked me
to," to which plaintiff replied, "Yes," whereupon Donovan said to
plaintiff:

"Well, I hope everything will be satisfactory, that you are satisfied.    I
told you that I would put that in writing, if you wanted it, so that you would
be protected in case the property comes to a sale, which now seems to be the
fact.    I told you that I would divide the property with you if I had to buy
the property in, so I will ask Mr. Marx [his counsel, who was present] to
draw up the agreement."

Marx thereupon wrote on the letter head of plaintiff's brother a
paper purporting to be an agreement, which is known as Exhibit 4.
After writing it, Marx passed it to plaintiff, and asked her to read it,
and she handed it to her brother, saying:

"You ought to know if it is all right.    You read it, and I depend upon you."

Plaintiff's brother, after looking at the paper, laid it down upon the
counter, and Donovan signed it and plaintiff's brother signed as a
witness.    It is as follows:

"It is hereby agreed that I am to bid on the premises Nos. 109 and 111 W.
103rd St., N. Y. City, if sold at auction under foreclosure of the Donovan
mtge. up to the amount covering the 1st mtgs. of $16.000 and $15,000 and the
2nd mtge. of $2,000.00 on 111 W. 103rd st. and the blanket mtge. of $2,000.00
held by C. J. Donovan. together with interest on all such mtges and the taxes,
and costs of foreclosure of the Donovan mtge, and if I bid in the same upon
the above terms I agree to hold said premises upon our joint account and
agree to divide any amount derived from the sale of said premises over and
above the amount so paid out but it is understood that upon the sale of such
premises, if purchased by me, said C. J. Donovan, I shall first be allowed to
pay myself all sums paid by me and for the mortgage I hold on said premises.
and the interest on the same and the costs of foreclosure.
    "Dated N. Y. May 27th, 1897.            Cornelius J. Donovan.  [Seal.]
    "Witness:  Arthur E. Hemmel."

As appears, it is not addressed to any one, and plaintiff did not
sign it.    Plaintiff's brother further testified that Donovan stopped at
his store on the morning of, but before, the sale, and that they had a
conversation.    Counsel for plaintiff then asked if the conversation
was about the sale.    This question was excluded upon objection that it
was incompetent, irrelevant, and immaterial.    Plaintiff's brother also
testified that in the afternoon of the day of the sale Donovan stopped
in and said:

"Well, I got that property. I hope we make lots of money out of it."

Counsel for plaintiff then asked plaintiff's brother:

"Was there at any time, either before or after the 27th day of May, 1897, anything said by Mr. Donovan to your sister or to you about her attending at the sale of this property in that Donovan foreclosure?"

Counsel for the defendant objected as incompetent, irrelevant, and immaterial, whereupon counsel for plaintiff added to his question:

"Either from his sister to Donovan or from the witness to Donovan, about their staying away from the sale."

Counsel for defendant further objected on the grounds that it was not pleaded, that it tended to vary the written contract, and that it was "objectionable under section 829 of the Code of Civil Procedure." The record does not show that the court ruled on these objections, and probably they were deemed well founded upon the ground that the evidence was inadmissible under the allegations of the complaint. The witness was not disqualified by the provisions of section 829 of the Code of Civil Procedure, and I think that the evidence was admissible; but, as no exception was taken, a reversal should not be predicated upon that ground.

It is alleged in the complaint, in substance, that plaintiff subrogated the lien of her mortgage to that of Donovan in reliance upon the agreement which evidently was subsequently reduced to writing. The agreement referred to is Exhibit 4, but it is not set forth in the complaint or annexed thereto. The plaintiff alleges that it was between Donovan and herself. Counsel for defendant contends that the action is based upon the agreement, Exhibit 4; and that it is void as being within the statute of frauds, in that it requires parol evidence to show with whom Donovan intended to make it. If it is to be construed as an agreement to convey an interest in real estate, that contention is doubtless sound. Mentz v. Newwitter, 122 N. Y. 491, 25 N. E. 1044, 11 L. R. A. 97, 19 Am. St. Rep. 514; Grafton v. Cummings, 99 U. S. 100, 25 L. Ed. 366; Carrick v. Mincke, 60 Mo. App. 140; Marston v. French (Com. Pl.) 17 N. Y. Supp. 509; Williams v. Jordan, L. R. 6 Ch. Div. 517. The agreement, however, is not for the purchase of an interest in real estate. It does not contemplate that plaintiff is to receive a conveyance. The legal title was to remain in Donovan, and he was to convey to some third party purchaser and deduct the charges and pay off the heirs and divide the surplus with plaintiff. It is well settled that a parol agreement to form a partnership or for a joint venture with respect to personal property or a specific parcel or parcels of land, title to be taken in one of the parties to be held on their joint account, and sold and the profits divided, is not an agreement for the sale of property or for the conveyance of an interest in land within the statute of frauds, and need not be in writing, although, if not in writing, it may be terminable at will as constituting an agreement not to be executed within one year. Chester v. Dickerson, 54 N. Y. 1, 13 Am. Rep. 550; Bissell v. Harrington, 18 Hun, 81; King v. Barnes, 109 N. Y. 267, 16 N. E. 332; Sanger v. French, 157 N. Y. 213, 51 N. E. 979; Hollister v. Simonson, 18 App. Div. 73, 45 N. Y. Supp. 426; Wahl v. Barnum, 116 N. Y. 87, 22 N. E. 280, 5 L.

R. A. 623; Coleman v. Eyre, 45 N. Y. 38; Bailey v. Weed, 36 App. Div. 610, 55 N. Y. Supp. 253; Traphagen v. Burt, 67 N. Y. 30. Upon this theory it was perfectly competent for the plaintiff to show by parol, as she did, that the agreement, Exhibit 4, was made with her, and that it was delivered to her by Donovan prior to the sale of the premises under the judgment of foreclosure. The question of consideration is not free from doubt. If plaintiff agreed, either in writing or by parol, to subordinate her mortgage to that of Donovan or to refrain from bidding on the foreclosure sale in consideration that he should take title as alleged, unquestionably that would be a good consideration. The difficulty arises over the fact that the only consideration expressly pleaded is that plaintiff subrogated the lien of her mortgage to that of Donovan on the faith of his agreement to purchase the property for their joint account at the foreclosure sale. That would have been a sufficient consideration, but there is no evidence tending to establish it. We are of opinion, however, that it may reasonably be inferred from the agreement, as alleged, that plaintiff was to refrain from bidding at the sale. It appears that she did refrain from bidding, and, according to the evidence, the agreement, Exhibit 4, was given to protect her interest under her mortgage on account of the foreclosure of the Donovan mortgage. It would seem, therefore, that the nature of the agreement, made in writing, by Donovan and accepted by the plaintiff, was such that plaintiff could not consistently therewith bid at the foreclosure, and was left to rely upon the agreement for the protection of her interest in the property. We are therefore of the opinion that this presumptively afforded a sufficient consideration.

It follows that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event. All concur.