STONE v. STOLTS.

(Supreme Court, Appellate Term.　November 24, 1908.)

1. JUDGMENT (§ 250*)—CONFORMITY TO PLEADINGS—NECESSITY FOR.

Since to sustain a judgment the proof must support the allegations of the complaint, judgment for plaintiff on proof of defendant's written guaranty to pay plaintiff for certain work was improper, where he sued for services by plaintiff on defendant's behalf.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 436; Dec. Dig. § 250.*]

2. FRAUDS, STATUTE OF (§ 108*)—GUARANTY—CONSIDERATION.

A written guaranty is void under the statute of frauds where it neither expressly nor impliedly discloses the consideration therefor.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 214; Dec. Dig. § 108.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by David Stone against Julius W. Stolts, as president of J. & J. W. Stolts.　From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Logan, Demond, Hanford & Read (Charles M. Demond and Marshall Snyder, of counsel), for appellant.

Spiro & Wasservogel, for respondent.

SEABURY, J.　The pleadings in this action were written and the complaint alleged a cause of action for services performed by the plaintiff on behalf of the defendant.　Upon the trial no proof was offered of the services alleged to have been performed by the plaintiff for the defendant, and the plaintiff was permitted, over the objection and exception of the defendant, to offer in evidence a written agreement made by the defendant guaranteeing to pay the plaintiff for certain work performed.　No motion was made to amend the pleadings.　It is elementary that, in order to sustain a judgment, it is necessary that the proof should support the allegations of the complaint.　In the present case the judgment is without support from the evidence, and must be reversed.　Northam v. Dutchess Co. Mut. Ins. Co., 117 N. Y. 73, 69 N. E. 222.　Even if this objection be disregarded, there would still be no legal ground upon which this judgment could be sustained.　The written agreement, guaranteeing the payment for the work performed by the plaintiff, neither expressly nor by fair implication disclosed the consideration upon which it was made.　The agreement was therefore void under the statute of frauds.　Drake v. Seaman, 97 N. Y. 230; Barney v. Forbes, 118 N. Y. 580, 23 N. E. 890.

The judgment appealed from is reversed, and a new trial ordered, with costs to the appellant to abide the event.　All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.