ELLSWORTH BAKER, Appellant, v. JOHN D. LYONS, Respondent.

*Insurance — action by agent against mortgagee to recover amount of premium paid by agent on alleged promise by mortgagee to pay premium if mortgagor did not — judgment for defendant affirmed.*

Appeal from a judgment of the County Court of Sullivan county in favor of the defendant, entered in the office of the clerk of said county June 29, 1922, pursuant to an order of said County Court dated May 6, 1921, and entered in said clerk's office, directing the reversal of a judgment of the Justice's Court of Sullivan county entered July 14, 1914.

Judgment and order affirmed, with costs. All concur, except Van Kirk, J., dissenting, with an opinion in which McCann, J., concurs.

VAN KIRK, J. (dissenting): I cannot agree that there was no consideration for defendant's promise to pay the insurance premium due. The defendant held a mortgage upon the real estate insured; the insurance was made payable to him as his interest might appear. The standard policy in this State is written for a fixed period and the premium for the entire period is due and payable when the policy is delivered. A policy which has been delivered, but upon which the premium has not been paid by the insured, may be canceled at any time on five days' notice. Lyons had been informed that two policies had been issued, but the premiums not paid. It was for his interest that the premium should be paid and the policies kept alive. The promise to answer the debt or default of Pearlman was in writing, signed by the defendant, the promisor. It is true that the existence of a legal consideration for a promise to answer for the debt, default or miscarriage of another is indispensable, but it is no longer the law of this State that it must be expressed in the writing. It may be implied from the writing. (*Barney* v. *Forbes*, 118 N. Y. 580, 585.) I think that the language used in the letter of defendant, dated December 18, 1912, in answer to plaintiff's letter, is an implied request to this plaintiff to keep the policy alive. It is very plain from the letter dated December 16, 1912, which defendant had received from plaintiff, that defendant knew that the premium on the policy which protected his mortgage was due and had not been paid. Then he wrote to plaintiff: " I will take this up with the real estate agent in New York who claims to represent Pearlman at once, and if he doesn't make prompt payment of the insurance, I will pay it myself *in order to protect my mortgage.*" The one way plaintiff could protect defendant's mortgage was by paying the premium due. I think any agent receiving this letter would construe it to contain a request to him to pay the premium and to keep the policy good and a promise that, if Pearlman did not recompense plaintiff, defendant would. This request may be implied from the writing. (*Smith* v. *Northrup*, 80 Hun, 65; *Union National Bank* v. *Leary*, 77 App. Div. 335.) Plaintiff complied with this request; he paid the premium to the company. He thus prevented the cancellation of the policy by the company. Thus we have legal consideration for defendant's promise to plaintiff. Upon this promise to this plaintiff he may recover. The company could not recover the amount of the premium because it had received payment and no promise had been made to it. My belief is that the judgment of the County Court should be reversed, with costs in all courts, and the judgment of the Justice's Court affirmed. McCann, J., concurs.