A. FRANCES M. DAVIS, Plaintiff, *v.* PHILANDER J. DAVIS et al.,
Defendants.

Supreme Court, Monroe Special Term, June 26, 1924.

Evidence — parol evidence — parol evidence reaffirming independent
collateral agreement — Statute of Frauds — agreement to share in
proceeds of real property not within statute — statute may not be
used as instrument of fraud.

A written agreement between two parties independent of and collateral to another
proposed written agreement to which they are also parties, the former
apportioning the proceeds of real estate distributed to one of the parties by
the latter agreement, may be reaffirmed by parol in connection with another
written agreement taking the place of the proposed agreement.

An agreement to share in the proceeds of the sale of real property is not within
the Statute of Frauds (Real Prop. Law, § 259) and may be reaffirmed by parol
evidence.

A party who by an oral agreement has induced another to enter into a binding
written agreement and to accept the provisions thereof, both of which have
been wholly or partly carried into execution, will not be allowed to plead the
Statute of Frauds as a defense for this would permit him to use said statute
as an instrument of fraud.

ACTION to recover proceeds of sale of real estate.

*Heiby W. Ungerer,* for the plaintiff.

*Chamberlain, Page & Chamberlain,* for the defendant.

RODENBECK, J.   The jury properly found against the defendant
Philander J. Davis on the question of the cancellation of the agree-
ment of August 12, 1918.   The defendant's version of the destruc-
tion of this agreement is incredible.   There is no more reason for
its destruction as testified to by him than there was for the destruc-
tion of the settlement agreement of June 6, 1918.   The agreement
alleged to have been destroyed was of no force after the failure of
the parties to agree upon the distribution of the property covered
by the trust agreement and there was no occasion for its destruction.
He testified that he tore up his copy in the presence of the plaintiff
and that she took a paper which she said was her copy and crumpled
it up and threw it into the waste basket, while the plaintiff testified
that the agreement had not been destroyed by her and was at the
time testified to by the defendant in her safe deposit box and was
actually offered in evidence at the trial without any evidence of the
effect which would have been produced upon it by the act described
by the defendant.   The jury also properly found that the agreement
had been orally reaffirmed.   It is also incredible that the plaintiff
would have signed the second settlement agreement without requir-

ing a reaffirmance of the written agreement of August 12, 1918. The defendant when the first settlement agreement was drawn was willing, in order to secure her signature, to agree with her in a separate written agreement that she should have one-half of the proceeds of the homestead, less $4,000, which was distributed to the defendant in the settlement agreement. It is incredible that the plaintiff would have signed the second settlement agreement of December 1, 1919, which also gave the defendant the title to the homestead property without requiring a similar agreement from her brother. The jury also correctly found that defendant had made a payment of $2,000 under the oral agreement reaffirming the written agreement of August 12, 1918. His explanation of this payment, that it was partly a gift to the plaintiff, is incredible particularly in view of the fact that in accordance with the terms of their understanding, she was paying one-half of the interest, taxes and other charges against the property. The findings of the jury upon the subject of values are not questioned and it is unnecessary to discuss them. The conclusions of the jury upon the specific questions submitted to them are accepted and reaffirmed.

The defendant raises certain questions of law that are required to be disposed of. One of these relates to the admissibility of oral evidence as to the reaffirmance of the agreement of August 12, 1918. The objection made to this evidence is that it seeks to alter the terms of the written settlement agreement. The answer to this objection is that the oral reaffirmance is of an independent collateral agreement upon which the action is brought. The plaintiff does not seek to modify the settlement agreement but to recover upon the independent agreement. If she were not permitted to testify to the oral agreement, assuming that it was made, it would permit the defendant to use the parol evidence rule to accomplish a fraud upon the plaintiff which the courts will not countenance. *Baird* v. *Baird*, 145 N. Y. 659, 663; *Juilliard* v. *Chaffee*, 92 id. 529.

The next question of law relates to the necessity for reducing to writing the agreement to share in the proceeds of the sale of the homestead property as involving an interest in real property under the Statute of Frauds. Real Prop. Law, § 259. The agreement, however, does not relate to an interest in real property. It does not involve a conveyance of any real property but merely provides for a distribution of the proceeds after the sale thereof and such an agreement is not within the statute. *Babcock* v. *Read*, 99 N. Y. 609; *Rauch* v. *Donovan*, 126 App. Div. 52; *Van Name* v. *Queens Land & Title Co.*, 130 id. 857; 27 C. J. 226, § 215.

But even if the reaffirmance agreement was required to be in writing under the Statute of Frauds, the defense is not available.

The defendant induced his sister to sign the settlement agreement upon the representation that the agreement of August 12, 1918, was reaffirmed, paid $2,000 under the oral reaffirmance and permitted her to contribute toward interest, taxes and other charges against the property which were part of the terms of the agreement, and to allow him now to urge the Statute of Frauds as a defense would permit him to use that statute itself as an instrument of fraud contrary to law. *Thomson* v. *Poor*, 147 N. Y. 402; *Imperator Realty Co.* v. *Tull*, 228 id. 447.

The plaintiff is entitled to a judgment for $3,725.38 and interest from September 1, 1921, upon which there should apply the sum of $2,074.33 and any accumulated interest under a stipulation of the parties, together with the costs of this action.

Judgment accordingly.